Floyd H. COHN, Respondent,

v.

MISSOURI TERMINAL OIL
CO., Appellant.

No. 39946.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 2, 1979.

Edward D. Weakley, Mark D. Mittleman, St. Louis, for appellant.

Harry Gershenson, St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from a judgment against it in an unlawful detainer suit tried to a jury. Judgment, pursuant to the jury verdict, was for restitution of the premises, $3750 damages for the unlawful detainer, and rent from the date of judgment at $750 per month. Both monetary sums are the result of the trial court doubling the amount found by the jury. Sec. 534.330 R.S.Mo.1969.

Defendant raises three points on appeal. The first is that the court erred in failing to sustain defendant's motion for directed verdict at the close of the evidence because no evidence was received to establish that defendant held possession of the real estate on the date the petition was filed and no evidence was adduced of damages. The latter contention deserves little comment. Plaintiff testified that $375 was a "more than reasonable rent" and the lease from which defendant held over set the rental at that figure. There was adequate evidence of damages.

Unlawful detainer is a possessory action. An essential element of that cause of action is possession on the date the action is filed.[1] Williams v. Carey, 225 S.W.2d 157 (Mo.App.1949). We can agree that there was no direct evidence admitted[2] of defendant's possession. Defendant contended at trial, and offered evidence in support of such contention, that it had exercised its option to renew its lease pursuant to the terms of the lease. Additionally, defendant and plaintiff stipulated that "since June 15th, 1977, [termination date of the lease] . . . the company [defendant] has been paying the stipulated rent of three hundred seventy-five dollars ($375.00) rental into an escrow account for this property" for the plaintiff's benefit. There was no evidence that defendant had vacated the property after June 15, 1977. In view of defendant's contention that it had renewed the lease and the stipulation that it was continuing to pay rent into escrow we believe it a reasonable inference that it was continuing to occupy the premises, at least in the absence of evidence to the contrary or to explain the payment of the rent.

Defendant next contends that the converse instruction given by the court was erroneous. The contested issue at trial was whether defendant had exercised its option

1. Here that date is sometime between June 20, 1977 (when plaintiff verified the complaint) and July 29, 1977 (when the Magistrate judgment was entered). The record does not show the date of filing in the Magistrate Court.

2. There were pictures taken three weeks before trial (well after the filing date of the petition) showing operations at the station and a sign bearing defendant's trade name. These pictures were not admitted into evidence because offered to establish an irrelevant fact.

to renew within the time provided in the lease. Defendant's evidence was that well within the time provided it sent a letter to plaintiff exercising the option. The circumstances of the sending of the letter were sufficiently unusual to cast some doubt on this contention. Plaintiff testified that he never received the letter. In this posture the trial court gave a verdict directing instruction, not in M.A.I., which required a finding by the jury that defendant held over "without having given Plaintiff the thirty days written notice as provided in the Lease in evidence . . ." Defendant submitted a converse which directed a verdict for defendant if the jury found that defendant mailed a notice to plaintiff of its election to renew the lease. This instruction was properly refused by the court. The lease provided only for "written notice" of the election to exercise the renewal option. The consequences of utilizing mail to effectuate such notice is stated in *James v. Hutchinson*, 211 S.W.2d 507 (Mo.App.1948) [1, 2] as follows:

"In the relatively few cases dealing with the specific question of the sufficiency of notice by mail as a means of communicating the lessee's election to extend the term of a lease, the only condition imposed, so far as the question of service is concerned, is that the letter be actually received by the lessor within the time fixed by the lease during which notice may be given. The theory is that where the lease is silent as to the method of service, a lessee who chooses the mail as the means for communicating his election must assume all responsibility for any failure on the part of the agency he has selected, so that if his letter does not reach the lessee within the time for giving notice, he must accept the consequences of such failure."

Proof of proper mailing creates a rebuttable presumption of receipt by the addressee and proof to the contrary creates a jury issue. *Price v. Ford Motor Credit Co.*, 530 S.W.2d 249 (Mo.App.1975) [5, 6]. Defendant's tendered converse instruction directed a verdict for defendant if the jury found that defendant mailed the notice. That is not a correct statement of law and the court properly refused the instruction.

The court then gave its own converse instruction, set out in the margin.[3] That instruction was also erroneous. Initially, paragraph second was unnecessary as the terms of the lease were undisputed and the meaning of that provision of the lease was a matter of law for the court, not a matter of fact for the jury. More importantly, however, the converse does not instruct the jury what it must find concerning the notice—namely that it was received. The jury is simply instructed that it may consider the evidence before it, but not what it must find from that evidence to reach its verdict.

The trial court properly refused defendant's tendered converse instruction and was under no obligation to give a converse on its own motion. *Wors v. Glasgow Village Supermarket, Inc.*, 460 S.W.2d 583 (Mo.1970) [5, 6]. Our determination must therefore be whether the instruction as given was prejudicial to defendant. We cannot conclude that it was. Under the verdict directing instruction, in order to find for the plaintiff, the jury had to find that defendant had not given thirty days written notice to plaintiff. The purported converse does not change that requirement at all. At most the instruction may have generated confusion in the jury's mind as to whether the notice requirement meant delivery or mailing of the notice. Its verdict establishes its finding either of no mailing or no

---

**3.** *INSTRUCTION NO. 3* Your verdict must be for defendant if you believe: First, defendant was in possession of the premises claimed by plaintiff under a written lease.

Second, the lease in evidence contained an option for the defendant to renew the lease for a term of five years by giving notice in writing to plaintiff, thirty days before the end of the

lease term, of defendant's election to renew the lease, and

Third, in determining whether the terms of the lease respecting the renewal of the lease term were complied with, you may consider the evidence relating to whether the notice was mailed and the evidence relating to whether the notice was received.

delivery. Upon either finding the verdict was correct. A proper converse would have hypothesized a verdict for defendant only if the jury found delivery to plaintiff. Whatever confusion the instruction generated inured to the benefit of defendant and it was not prejudiced thereby.

■ Defendant's final point is that the verdict directing instruction was erroneous because it omitted the essential element of possession "on and after the date the action was filed" and because it did not correctly "hypothesize the facts constituting renewal of the lease." As to the first subpoint, the instruction required a finding that defendant held over after termination of the lease and that it "has refused to quit such possession." The submission was adequate to meet defendant's objection.

■ The second subpoint is based upon defendant's continued insistence that the issue before the jury was whether or not defendant mailed the notice which defendant contends constituted giving the required notice under the lease. That was not the issue. As we have heretofore pointed out, the issue was whether plaintiff received the notice, and the mailing created only a rebuttable presumption of receipt. The submission made was of the ultimate facts necessary for the jury to decide the issues before it in keeping with the rule-established requirements where not-in-MAI instructions are necessary. Rule 70.02(e). If defendant believed the jury needed further instruction on what the court meant by "giving" notice, it could have tendered a definition instruction correctly setting forth the law. It did not do so. We find no error in the verdict directing instruction.

Judgment affirmed.

SNYDER, P. J., and PUDLOWSKI, J., concur.