**W. R. CORLEY, Plaintiff-Appellant,**

v.

**Fay McGAUGH, Defendant-Respondent.**

No. 11039.

Missouri Court of Appeals,
Southern District,
En Banc.

Feb. 28, 1980.

---

A. L. Shortridge, Joplin, for plaintiff-appellant.

Roger K. Fisher, Robert B. Lee, Warten & Fisher, Joplin, for defendant-respondent.

PER CURIAM:

In this action for money had and received, plaintiff sought to recover a sum of money, plus interest, allegedly loaned to defendant. The court-tried cause was found against plaintiff on his money claim, for defendant on his counterclaim for return of 100 shares of bank stock held by plaintiff as security for a previous loan made to defendant, and for defendant on defendant Fern (McGaugh) Bowden's cross-petition.[1]

The trial judge found that two separate loans, given at separate times, were made by plaintiff. The first loan of $4,500 to defendant was secured by 100 shares of bank stock. The second loan (or "advance") made by plaintiff was for $15,000. Conflicting testimony anent the second loan or "advance" constitutes the circumstances from which this case arises. The following pertinent facts, amply supported by the record, were found by the trial judge.

During May and June, 1971, defendant and one Henning were organizing a Missouri corporation (Henning-McGaugh, Inc.). Defendant et uxor were to raise capital totaling $100,000 for the new corporation and Henning was to raise $15,000. Henning borrowed his $15,000 contribution to the capital from plaintiff. Plaintiff testified that he "assumed [Henning] was acting for the firm," apparently meaning the new corporation. Prior to making the loan, Henning provided plaintiff with information concerning the financial status of a going business which Henning and defendant proposed to purchase with the assets of their newly formed corporation. Plaintiff evidently approved of the financial status of the soon-to-be-acquired business and made the loan to Henning. The check drawn by plaintiff was payable to "Gerald Henning-Fay McGaugh". This $15,000 check was deposited by Henning into the personal account of defendant and wife on June 15, 1971.

Apparently the bank account of Henning-McGaugh, Inc., was not yet in existence on June 15, 1971, hence the deposit of the loan into the personal account of defendant et uxor. The deposit was seemingly made by Henning without the knowledge of defendant. As soon as defendant realized the deposit had been made to his account (17 days after deposit), he withdrew the entire $15,000 and deposited it into a then-existing account for Henning-McGaugh, Inc. Defendant had not talked to nor seen plaintiff regarding the $15,000 loan. However, nota bene, defendant at no time denies the existence of, nor his liability on, the original

1. No appeal was taken by this party, therefore the particulars of her cross-petition are of no moment for this opinion.

$4,500 loan which he received from plaintiff.

Defendant testified that in September, 1972, he and his wife obtained a personal loan, from a local bank, in the amount of $25,000. Defendant then instructed Henning to pay off the $4,500 loan from plaintiff (from the proceeds of the $25,000 loan) and then defendant instructed Henning to repay himself the $15,000 due him from Henning-McGaugh, Inc., and then to repay plaintiff. Henning made a partial ($8,000) payment to plaintiff but used the remainder of the $25,000 to pay other unspecified corporate obligations. Defendant's position was that neither he nor the corporation owed anything to plaintiff. Rather, according to defendant, the corporation owed the balance of the $15,000 to Henning, who, in turn, owed it to plaintiff. At trial, plaintiff dismissed his action against Henning.

The trial court specifically found that "Plaintiff's cause of action based on money had and received is not supported by either (1) the fact that the $15,000.00 in question was initially deposited in defendant Fay McGaugh's personal account before being transferred to the corporation's account, or (2) the fact that defendant Fay McGaugh is a majority stockholder of the corporation."

Mindful of our standard of review for court-tried cases as postulated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we will sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.

A long line of cases asserts the maxim that an action for money had and received lies where a defendant has received money of the plaintiff which in equity and good conscience he ought to repay. *Murry v. Central Bank*, 226 Mo.App. 400, 406, 40 S.W.2d 721, 724[6] (1931); *Indiana Truck Co. v. Standard Accident Ins. Co.*, 232 Mo.App. 63, 77, 89 S.W.2d 97, 105[6] (1936); *Hilderbrand v. Anderson*, 270 S.W.2d 406, 408[1] (Mo.App.1954). A careful study of the findings of the trial court, the briefs and the record reveals that the trial court's judgment for defendant was in concert with this maxim. Moreover, we find no error when reviewed upon the requirements of *Murphy v. Carron*, supra.

The defendant's motion to dismiss for failure of plaintiff to comply with the mandatory requirements of Rule 84.04(d), V.A. M.R., taken with the case, is not without substantial merit. However, in view of the disposition of the case on its merits, the motion is denied.

Judgment affirmed.

All concur, except FLANIGAN, C. J., and PREWITT, J., recuse.