### In re INTERNATIONAL HOME DESIGN, INC., Debtor.

#### Bankruptcy No. 81–03125–1.

United States Bankruptcy Court, W.D. Missouri.

April 1, 1983.

Daniel J. Flanigan, Kansas City, Mo., trustee.

Steven M. Leigh, Kansas City, Mo., for creditor Maxl Sales.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

On April 15, 1982 Maxl Sales Company filed a secured claim against debtor in the sum of $27,586.51, based upon a consignment agreement. The trustee objected to the claim, saying that the "security interest was not validly perfected in the State of Missouri." Based upon the trustee's objection, the claim was disallowed and creditor was given ten (10) days from April 22, 1982, to seek modification of the disallowance.

On April 29, 1982 Missouri attorneys entered their appearance for Maxl but a motion for reconsideration was not filed until July 20, 1982. In support of the motion counsel contended that the failure to make a timely filing was inadvertent and would result in substantial prejudice to the creditors. The trustee responded saying there was no evidence Maxl did not have notice of the disallowance of the claim and that the failure to make a timely request for reconsideration was not excusable neglect. The creditor responded with an affidavit of its president, denying that he or anyone on behalf of the creditor had ever received the objection to and disallowance of the claim.

The Court held a hearing on the motion for reconsideration. The trustee appeared by counsel. Representatives of the debtor also appeared. The creditor appeared by representatives and counsel. Evidence was heard and the matter taken under advisement pending the receipt of briefs which have now been filed.

## I

The parties stipulated that, as a matter of routine, the bankruptcy clerk's office would mail to a creditor the notice that an objection had been made to the claim and that the creditor had time to ask for modification. The parties also stipulated that, as a matter of routine, the notice in this case probably was mailed. There was no direct evidence of the mailing.

The notice was addressed to the home of Maxl's president. He denies receiving it. While there is a presumption that mail is delivered, *Cohn v. Missouri Terminal Oil Co.*, 590 S.W.2d 381 (Mo.App.1979); *Price v. Ford Motor Credit Co.*, 530 S.W.2d 249 (Mo.App.1975), the presumption may be rebutted. Even though the testimony of nonreceipt is colored by an interest, its credibility is a matter for the Court. Considering the size of the claim and the interest of the creditor, the Court concludes that it is unlikely that Maxl's president would have ignored a notice that the claim was being disallowed.

The claim was filed in time. Rule 302(c), Rules of Bankruptcy Procedure. The six month period for filing began November 10, 1981. The claim was filed April 15, 1982. It is only the motion for reconsideration which is untimely.

Where a claim is filed timely, amendments out of time are permissible. *Matter of Commonwealth Corp.*, 617 F.2d 415 (5th Cir.1980); *Matter of Saxe*, 14 B.R. 161 (Bkrtcy. SD N.Y.1981). Here the initial objection was directed to the nature of the claim as secured. The trustee did not, as he did during the hearing, deny liability entirely.

Rule 307, Rules of Bankruptcy Procedure, authorizes a motion to reconsider an order disallowing a claim. The rule contains no time limits. The ten day limit is set out in a local rule. In the case of *In Re W.F. Hurley, Inc.*, 612 F.2d 392 (8th Cir. 1980), the court noted that:

"... reconsideration may be requested at any time so long as the bankruptcy court retains control of the case. Courts have specifically recognized that relief is available under Rule 307 after the time to appeal from a particular order of the bankruptcy judge has expired ... (citations omitted).

"Reconsideration under Rule 307 is discretionary with the bankruptcy court." 612 F.2d at 394–395.

The court went on to note that the standard of review is one of abuse of discretion.

The motion for reconsideration is granted. The Court finds that creditor's assertion that it received no notice of the objection to the claim is credible. The Court notes that in July, when the creditor discovered its claim was not allowed, it took prompt action to remedy the situation. The creditor has a large claim. Its goods were in debtor's possession and were sold to create a portion of debtor's estate. The creditor should, therefore, be allowed to prove its claim.

## II

In the interests of economy to the parties and to the Court, the hearing on the claim was combined with the hearing on the motion for reconsideration. The evidence on the claim is not much in dispute.

Pursuant to an agreement dated October 15, 1980, Maxl consigned furniture to a party called Critiques, Inc., d/b/a The Decorators Warehouse, for sale in its Kansas location. The furniture consigned was subject to a security interest retained by Maxl and perfected by filing in Kansas.

In August of 1981 Decorator's Warehouse and another corporation called Sales Promotions, Inc. arranged for the consignment of furniture to debtor's location in Missouri. This was pursuant to a consignment contract between debtor and Sales Promotions for the purpose of having a liquidation sale on debtor's premises. According to the invoices, the property was shipped to Decorator's Warehouse *in care of* the debtor's address. Some of the invoices showed debtor as the receiver of the property.

The evidence shows that debtor contracted with Sales Promotions, Inc. to conduct a

liquidation sale on its premises. As part of the sale, Sales Promotions was to consign furniture to the premises to make the sale look more attractive. The evidence shows, and the Court finds, that Sales Promotions, Inc. and Decorator's Warehouse, Inc. were alter egos. The evidence also shows that Maxl consigned to Decorator's Warehouse furniture which was delivered to debtor's premises and sold there under the arrangement between Sales Promotions and debtor. The evidence also shows that just prior to filing bankruptcy debtor locked Sales Promotions personnel out of the premises and took control of all the furniture.

As part of this arrangement debtor was to receive a portion of the proceeds of each sale. Sales Promotions personnel had control of the premises although debtor's president was present. Sales Promotions was to pay all bills. There is no evidence, however, that any of Maxl's invoices were paid. The evidence does show that debtor's president participated in conferences with Sales Promotions and Maxl's personnel concerning selection of furniture and distribution of the proceeds of sales. Debtor's president, and therefore debtor, knew that Maxl was providing furniture to be placed on the premises for sale.

■ Where, as here, the furniture was delivered on consignment, title did not pass. Thus, neither Decorator's Warehouse nor debtor had title. But even without the passing of title, the consignee has an interest in the goods, such as the right to sell and to receive a portion of the proceeds. Such an interest becomes property of the estate. "Section 541 of the ... [Code] has eliminated the concept of title as it relates to the inclusion of property as property of the estate." *In re Gunder,* 8 B.R. 390, 392 (Bkrtcy. SD Ohio 1980).

■ In the absence of bankruptcy or intervening creditors, a consignor prevails against the consignee for possession of the consigned property. Perfection of a security interest would allow the consignor to prevail over any party. But in the absence of perfection, the trustee in bankruptcy prevails over the consignor as to possession.

Section 544 of the Code, Title 11, U.S.C., Section 400.2–326(3), R.S.Mo.1969; Section 400.9–103(3), R.S.Mo.1969; *In re A.J. Nichols, Ltd.,* 21 B.R. 612 (Bkrtcy. ND Ga.1982); *In re Mayfield,* 22 B.R. 423 (Bkrtcy. ED Tenn.1982).

■ Maxl concedes that it neither filed a financing statement in Missouri nor did it arrange for any evidence of consignment to be placed on the furniture. The trustee in bankruptcy, therefore, prevails over Maxl for possession of the furniture. For the same reasons this Court ruled against Sales Promotions' effort to reclaim the furniture. *Sales Promotions, Inc. v. International Home Design, et al.,* No. 81–1849–1 (December 15, 1981, unpublished).

The fact that the trustee prevails over Maxl on the issue of possession does not foreclose Maxl's right to have a claim. At the same time the fact that Maxl's assets were part of the property in debtor's estate does not mean that Maxl automatically assumes the posture of a creditor. There was no agreement in writing between Maxl and the debtor.

As defined in Section 101(4) of the Code, a claim is a "right to payment." The legislative history notes that:

> "The effect of the definition is a significant departure from present law ... By this broadest possible definition, and by the use of the term throughout the title 11, ... the bill contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case. It permits the broadest possible relief in the bankruptcy court." House Report 95–595, 95th Cong. 1st Session (1977) 309, reprinted in App. 2 Collier on Bankruptcy (15th Ed.).

In *In re New Mexico Properties, Inc.,* 18 B.R. 936 (Bkrtcy.N.M.1982), the Court held that a party paying debtor by mistake had a claim. In *Matter of Thomas,* 12 B.R. 432 (Bkrtcy. SD Iowa 1981), an obligation for post-petition payments gave rise to a claim in the holder. In *Matter of Horizon Hospital, Inc.,* 10 B.R. 672 (Bkrtcy. MD Fla.1981),

the creditor would have a claim only upon certain litigation being resolved in its favor. The bankruptcy court held that the creditor had a claim within the meaning of the law even though this litigation was still pending. In *State of Ohio v. Kovacs,* 8 BCD 998 (Bkrtcy. SD Ohio 1982), the court held that an order requiring debtor to abate environmental pollution and for fines was a claim which could be discharged in its entirety through bankruptcy.

The question then is whether the debtor has any legal obligation to pay Maxl. The documents in this case show that debtor was to receive the furniture as a consequence of two separate consignment agreements. The evidence shows that the niceties of the agreements were ignored in practice. Debtor's president participated in the discussions concerning the ordering of furniture. The consignment agreement between Maxl and Decorator's Warehouse was amended orally. To Maxl, debtor and Decorator's warehouse appeared to be principal and agent. There is no evidence that Maxl knew of the agreement between Decorator's Warehouse and debtor.

Where individual shippers used an association to consolidate and forward freight and the association filed bankruptcy, the carrier could look to the shipper who benefitted from the service for payment. *Southern Pacific Transportation Company v. Continental Shippers Association,* 485 F.Supp. 1313 (DC WD Mo.1980). What is significant here is that Decorator's Warehouse acted toward Maxl as agent for debtor. *Trail v. Industrial Commission Div. of Employment Sec.,* 540 S.W.2d 179 (Mo.App. 1976). The fact that Decorator's Warehouse and debtor may not have had an agency arrangement between them does not compel another conclusion. Compare *Steele v. Armour & Co.,* 583 F.2d 393 (8th Cir.1978).

Debtor contends that Maxl has only a claim against its consignee. But there is little question that debtor received a benefit from the transaction. The cases cited by debtor are distinguishable. In *Rolla Lumber Company v. Evans,* 482 S.W.2d 519 (Mo.

App.1972), the tenant purchased materials for which the lumber company sought recovery from the landlord. Recovery was denied because the lumber company could not prove either quantum meruit or assumption. Here the evidence shows not only the benefit but also control taken by debtor. Compare *Corley v. McGaugh,* 595 S.W.2d 471 (Mo.App.1980), where it is clear that the party sought to be charged had no legal benefit and had not assumed the obligation.

The Court holds that Maxl is a creditor and its claim is allowed as unsecured. The objection of the trustee is OVERRULED.