**In re Dwight LAMAR and Peggy King Lamar, Debtors.**

**Bankruptcy No. 483–00437–LO.**

United States Bankruptcy Court, W.D. Louisiana.

Aug. 8, 1983.

---

1950 Code of Virginia § 55–80 (1981 Repl. vol.).

Keith Rodriguez, Lafayette, La., for debtor.

Hank Seldon Hannah, Lafayette, La., for American Bank.

## OPINION

RODNEY BERNARD, JR., Bankruptcy Judge.

This matter is before the court pursuant to an objection filed by American Bank and Trust Company of Lafayette (American Bank) to confirmation of the above-captioned debtors' Chapter 13 plan. The debtors filed for relief under Chapter 13 on May 17, 1983. The schedules and plan filed by the debtors list several debts owed to American Bank.

As secured debts to American Bank, the debtors list the following:

(1) a promissory note dated November 30, 1981. The original amount being $27,-214.20. The claimed amount listed on the schedules is $20,276.59. This note is secured by a chattel mortgage on a 1981 Chevrolet truck and a 1982 Aztec trailer;

(2) a promissory note dated July 9, 1982. The original amount being $3,500.00. The claimed amount listed on the schedules is $3,500.00. This note is secured by a mortgage on real property.

As unsecured debts to American Bank, the debtors list the following:

(3) a promissory note dated February 18, 1981. The original amount being $3,500.00. The claimed amount listed on the schedules is $1,599.75. This note appears to have originated as a signature loan.

(4) a deficiency arising out of the seizure and sale of a 1975 Mercedes-Benz automobile. The original indebtedness being represented by a note dated July 9, 1982 in the amount of $6,000.00. The note was secured by a chattel mortgage on the automobile. The claimed amount listed on the schedules is $5,837.45.

(5) a promissory note dated September 1, 1982, the original amount being $3,181.63.

The claimed amount listed on the schedules is $3,181.63. This note appears to have originated as a signature loan.

American Bank has filed an objection to confirmation of the plan contending that all of their debts are secured pursuant to a collateral mortgage. The collateral mortgage note and collateral mortgage are dated September 15, 1981. American's proof of claim filed June 20, 1983 designates $34,-395.42 as the total amount claimed and declares it to be a secured claim.

There is no dispute that the note dated November 30, 1981, in which $20,276.59 is claimed, is secured by a chattel mortgage. Furthermore, the debtors have listed it on their schedules as a secured debt. The debtors' plan proposes to return the 1981 Chevrolet truck and 1982 Aztec trailer to American Bank in full satisfaction of this debt.

Additionally, there is no dispute regarding the note for $3,500.00 dated July 9, 1982 as being secured by a valid security device. The note specifically states that it is secured by, "Act of pledge covering Lot # 22 Oakgrove Estates, Lafayette, La. in the amount of $35,000.00". However, there is no evidence in the record of the property's value.

Section 506(a) of Title 11, United States Code provides in pertinent part:

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property..."

The act of pledge that secures the note for $3,500.00 dated July 9, 1982, is the pledge of the collateral mortgage note and collateral mortgage in the amount of $35,-000.00. These items were pledged on September 24, 1981. This security device constitutes a third mortgage on the debtors' family residence. There is no evidence in the record to indicate whether or not this real estate has value over and above the first and second mortgages. Therefore, even though American Bank holds a valid security interest in the property its claim is unsecured pursuant to 11 U.S.C. § 506(a).

See *In re Spadel,* 28 B.R. 537, 10 B.C.D. 506 (Bkrtcy. E.D.Pa.1983).

Next, the court considers the three debts listed on the schedules as unsecured debts. As mentioned previously, American Bank contends that all of its debts are secured pursuant to a collateral mortgage dated September 15, 1981. The collateral mortgage and collateral mortgage note were pledged to American Bank by the debtors on September 24, 1981. It is the same collateral mortgage and act of pledge as discussed supra.

■ In Louisiana, three species of mortgage exist. We have conventional, legal, and judicial mortgages. Three types of conventional mortgage are recognized in Louisiana: the ordinary mortgage, the mortgage to secure future advances, and the collateral mortgage. The collateral mortgage is the product of judicial recognition that one can pledge a note secured by a mortgage and use this pledge to secure yet another debt. *First Guaranty Bank v. Alford,* 366 So.2d 1299 (La.1978). The obligations which are secured by the pledge are determined from the pledge agreement even though the evidence of the obligation does not mention that it is so secured. *Tallulah Production Credit Association v. Turner,* 391 So.2d 885, 888 (La.App. 2d Cir.1980).

■ In the instant case, the written act of pledge dated September 24, 1981 specifically acknowledges that the debtors are justly and truly indebted to American Bank for the sum of $3,500.00. This acknowledged indebtedness arises from the note dated February 18, 1981, as it was the only debt that pre-existed the act of pledge. Accordingly, the intent of the written act of pledge was not only to secure future debts, but also, to secure this particular prior indebtedness of $3,500.00. This is a separate debt and not related to the previously discussed note of $3,500.00 dated July 9, 1982. As noted supra, this debt has been reduced to the present claimed amount of $1,599.75. While the collateral mortgage is a valid security device securing the February 18, 1981 note, it represents a third mortgage on the debtors' family residence and there is a lack of evidence showing value in the real

property to which this third mortgage could attach. Therefore, the bank is deemed to have an unsecured claim to the extent of $1,599.75 pursuant to 11 U.S.C. § 506(a).

■ The note for $6,000.00 dated August 8, 1982 was secured by a chattel mortgage on a 1975 Mercedes-Benz automobile. American Bank seized the automobile prior to the debtors filing their petition for relief in bankruptcy. The seizure was accomplished by executory process in state court. The record contains a Writ of Seizure and Sale. The writ designates February 16, 1983 as the date on which the sheriff's sale was to take place. The court assumes that the sheriff's sale was conducted. American Bank now claims a deficiency in the amount of $5,837.45 arising out of the seizure and sale of the automobile. There is no evidence that a deficiency judgment was obtained in state court. This court is of the opinion that the bank has received full satisfaction for the automobile debt by proceeding through the sheriff's sale. If it was not fully satisfied it would have sought a deficiency judgment in state court. The bank has no claim for a deficiency and the claim for $5,837.45 is wholly disallowed.

■ The last note is dated September 1, 1982, in the amount of $3,181.63. There has been no reduction of this debt. The note contains a provision on its face that states, "Collateral securing other loans with us may also secure this loan". A box is provided to the left of this statement and an "X" has been placed in the box signifying that the stated provision is applicable. It appears that the bank has a valid security interest in this debt pursuant to the collateral mortgage. The collateral mortgage securing this debt is the same collateral mortgage previously discussed. It constitutes a third mortgage on the debtors' family residence. There is no evidence showing value in the real property to which this third mortgage could attach. Therefore, the bank is deemed to have an unsecured claim pursuant to 11 U.S.C. § 506(a) to the extent of $3,181.63.

American Bank's proof of claim and objection to confirmation of the debtors' Chapter 13 plan are disposed of as follows:

(1) the $20,276.59 debt is to be fully satisfied by returning the 1981 truck and 1982 trailer to the bank, thus reducing the bank's claim for $34,395.42 as a secured claim to $14,118.83;

(2) the claim for $5,837.45 as a deficiency is wholly disallowed thereby reducing the bank's total claim to $8,281.38;

(3) the three remaining notes that comprise the sum of $8,281.38 are deemed to be unsecured claims pursuant to 11 U.S.C. § 506(a).

Therefore, American Bank is the holder of unsecured claims to the extent of $8,281.38 and not the holder of secured claims to the extent of $34,395.42.

An order will be entered in accordance with this opinion and American Bank's objection to confirmation of the plan is hereby dismissed.