### NORTON–CHILDREN'S HOSPITALS, INC., Plaintiff-Appellant,

v.

### JAMES E. SMITH & SONS, INC., et al., Defendants-Appellees.

### No. 79–3747.

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1981.

Decided Aug. 27, 1981.

David H. Lloyd, Arnold & Porter, Murray H. Bring, Peter T. Grossi, Jr., Pamela K. Green, Washington, D. C., John E. Tarrant, Tarrant, Combs & Bullitt, Edwin S. Hopson, Louisville, Ky., for plaintiff-appellant.

---

Donald H. Balleisen, Greenebaum, Doll, Matthews & Boone, John S. Reed Louisville, Ky., for Smith & Sons.

Frank E. Haddad, Jr., Louisville, Ky., for Stewart.

Before ENGEL and BROWN, Circuit Judges, and, MANOS, District Judge.[*]

BAILEY BROWN, Circuit Judge.

This is an action for treble damages under the federal antitrust laws. The plaintiff, Norton-Children's Hospitals, Inc. (Hospital) filed suit in the United States District Court for the Western District of Kentucky against three mechanical contractors, James E. Smith & Sons, Inc. (Smith), Stewart Mechanical Enterprises, Inc. (Stewart), and Ward Engineering Company, Inc. (Ward). The complaint charged the defendants with conspiring to rig the bids for the mechanical work (i. e. heating, air conditioning, plumbing) on a multi-million dollar medical complex built by the Hospital, in violation of the Sherman and Clayton Acts, 15 U.S.C. §§ 1, 15, 22. The district court determined that the claim was barred by the applicable four year statute of limitations, 15 U.S.C. § 15b, and granted summary judgment for the defendants.[1]

The narrow issue presented is whether an antitrust cause of action that was discovered or should have been discovered within the applicable four year statute of limitations period must be filed within that four year period even though the defendants fraudulently concealed the cause of action for a portion of that time. Stating the same issue differently: if the four year statute of limitations had been initially tolled by fraudulent concealment but the Hospital then discovered or should have discovered within the four year period that it had a claim against Smith and Stewart, did the Hospital thereafter have the entire four years in which to file its action? In granting the summary judgment to Smith and

Stewart, we read the district court's opinion to hold that even though the statute of limitations had initially been tolled by fraudulent concealment, since the Hospital discovered or should have discovered within the original four year period that it had a cause of action against these parties and could have, by the exercise of due diligence, filed within such period, there would be no tolling and the claim was barred four years after the cause of action arose. We disagree and hold that the four year period allowed by the statute of limitations did not expire until four years after Hospital discovered or should have discovered that it had a cause of action and therefore we reverse and remand.

During the period 1969–1971, the Hospital received bids and awarded general contracts for an office building, parking garage and hospital to a general contractor which in turn awarded mechanical subcontracts to Smith. Smith allocated part of the work to Stewart.

On May 22, 1972, Smith, Ward and several other mechanical contractors that bid on various phases of the Hospital's project were indicted by a federal grand jury in Louisville for conspiring to fix prices and allocate work on construction projects over a number of years in violation of the antitrust laws. These proceedings were accompanied by widespread publicity in the Louisville newspapers. Stewart was later named as an unindicted co-conspirator. The bill of particulars filed by the government named twenty-one construction projects that had been affected by the conspiracy, but the list did not include the Hospital's new complex.

Stewart was then indicted on November 18, 1975 for participating in the same conspiracy that had been the subject of the 1972 indictment, and a companion civil action was also filed by the government. Smith was named as an unindicted co-conspirator generally and with regard to the Hospital's project specifically. Stewart

---

[*] Honorable John M. Manos, District Judge, United States District Court for the Northern District of Ohio, sitting by designation.

1. Only Smith and Stewart moved for summary judgment. Since Ward did not join in the motion, summary judgment was not granted in its favor, and it is not a party to this appeal.

pled *nolo contendere* to the criminal charges on August 25, 1977. A consent decree terminating the companion civil antitrust case was filed on July 20, 1979.

The Hospital filed its complaint on September 24, 1976. Stewart and Smith moved for summary judgment on the ground that the action was barred by the four year statute of limitations. 15 U.S.C. § 15b.

The Hospital contended that even if the cause of action arose when the construction contracts were made in the 1969–1971 period [2] the statute of limitations did not, because of tolling, bar the cause of action. The Hospital contended that the defendants fraudulently concealed their activities until at least May 22, 1972, the date Smith, Ward and others were indicted, and that the statute had been tolled during the concealment period. The Hospital further contended that, while the action was not filed within four years after May 22, 1972, it was entitled to rely on the tolling effect of the Stewart indictment of November 18, 1975 as is required by 15 U.S.C. § 16(i). [3]

The district court, in its opinion granting summary judgment on the basis of the statute of limitations, assumed that defendants' activities were fraudulently concealed, as contended by the Hospital, until May 22, 1972, the date of the Smith and Ward indictment with attendant publicity. [4] It held,

however, based on *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389 (6th Cir. 1975), that since the Hospital should have known of its cause of action and therefore had at least constructive knowledge of the bid rigging by that date and since it was guilty of a lack of diligence when it failed to file within that part of the four year period that remained, the fraudulent concealment did not effect a tolling of the statute. The district court pointed out that, under this view of the matter, the filing of the Stewart indictment on November 18, 1975 could not further toll the statute since the four year period had already by then expired.

On this appeal, the Hospital assumes, for purposes of argument, that the cause of action arose in the 1969–1971 period. It further assumes, though it contends that such could not be so decided on motion for summary judgment, that it had constructive knowledge of the defendants' alleged activities by May 22, 1972. The Hospital contends that it had four years after that date within which to file its complaint which was further extended by the filing of the Stewart indictment on November 18, 1975. Defendants agree that the Stewart indictment would have further tolled the statute of limitations had the period of limitations not already expired; but the de-

---

**2.** The Hospital contended that, since the contract prices in the general contracts were affected by the bid rigging of the mechanical subcontractors, each periodic payment it made to the general contractor was a separate injurious act. The district court, recognizing that Chief Judge Allen of the Western District of Kentucky had so held in an action against these same defendants in *Jewish Hospital Assoc. v. Stewart Mechanical Enterprises, Inc.*, Civil No. 76–0430–L(A), (W.D.Ky.1978), disagreed and held that the cause of action arose when the contracts were made. It should be noted, also, that while this court, in considering the appeal in *Jewish Hospital*, did not decide the statute of limitations issue, we did agree with Chief Judge Allen that parties in the position of plaintiff here were barred from recovery by the indirect-purchaser doctrine of *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977). *Jewish Hospital Assoc. v. Stewart Mechanical Enterprises, Inc.*, 628 F.2d 971 (6th Cir. 1980). The district court in the instant case did not choose to rule on this defense

asserted below by defendants, and such issue is not presented on this appeal.

**3.** Title 15 U.S.C. § 16(i) provides as follows:
    (i) Whenever any civil or criminal proceeding is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, but not including an action under section 15a of this title, the running of the statute of limitations in respect of *every private or State right of action arising under said laws and based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof and for one year thereafter* . . . . (Emphasis added.)

**4.** The district court's opinion implies that, with the record before it on the motion for summary judgment, it could not hold that there was not fraudulent concealment or that it ended prior to May 22, 1972.

fendants contend, as the district court held, that since the Hospital knew or should have known of defendants' activities within the initial four year period and failed to file its complaint within such period, the alleged fraudulent concealment did not toll the statute and the claim was barred four years after it arose.

■ The general rule is well established in antitrust cases that fraudulent concealment will toll the statute of limitations. "[W]hen the defendant fraudulently conceals an antitrust violation, the period of limitations does not begin to run until the violation is discovered or should have been discovered." *Battle v. Liberty Nat'l Life Ins. Co.*, 493 F.2d 39, 52 (5th Cir. 1974), *cert. denied*, 419 U.S. 1110, 95 S.Ct. 784, 42 L.Ed.2d 807 (1975). *See also Weinberger v. Retail Credit Co.*, 498 F.2d 552, 555 (4th Cir. 1974).

The issue on this appeal, as stated, is the effect fraudulent concealment of a cause of action has on the running of the statute of limitations when the plaintiff discovers or should have discovered his cause of action before the original limitations period expires.

The Hospital argues that the universally accepted rule is that if a defendant fraudulently conceals an antitrust violation, the statute of limitations does not begin to run until the violation is, or should have been discovered, and that, once the claim is or should have been discovered, the plaintiff then has the full four years provided by 15 U.S.C. § 15b in which to file. *Mt. Hood Stages, Inc. v. Greyhound Corp.*, 555 F.2d 687, 698 (9th Cir. 1977), *rev'd on other grounds*, 437 U.S. 322, 98 S.Ct. 2370, 57 L.Ed.2d 239 (1978); *Weinberger v. Retail Credit Co.*, 498 F.2d 552, 555 (4th Cir. 1974); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 461 (2nd Cir. 1974); *Battle v. Liberty Nat'l Life Ins. Co.*, 493 F.2d 39, 52 (5th Cir. 1974), *cert. denied*, 419 U.S. 1110, 95 S.Ct. 784, 42 L.Ed.2d 807 (1975); *Public Service Co. of New Mexico v. General Electric Co.*, 315 F.2d 306, 310–312 (10th Cir. 1963); *Kansas City, Missouri v. Federal Pacific Electric Co.*, 310 F.2d 271, 277 (8th Cir. 1962), *cert. denied*, 371 U.S. 912, 83 S.Ct. 256, 9 L.Ed.2d 171 (1962).

The defendants nonetheless argue, and the district court agreed, that a different result is mandated by this court's decision in *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389 (6th Cir. 1975). The defendants argue that since the Hospital discovered or should have discovered its cause of action within the original limitations period it was required to file within the original period. This conclusion is required, they contend, by the following language from *Dayco*:

Under F.R.Civ.P. 9(b), the party alleging fraudulent concealment must plead the circumstances giving rise to it with particularity. Three elements must be pleaded in order to establish fraudulent concealment: (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts. *Weinberger v. Retail Credit Co.*, 498 F.2d 552 (4th Cir. 1974).

Id. at 394.

The defendants further argue that *Dayco* establishes the following two principles concerning fraudulent concealment. First, when a plaintiff discovers or should discover his cause of action within the original limitations period, he must, if he can by the exercise of due diligence, file within the original period. If, however, despite the exercise of due diligence the plaintiff is unable to file within the original period, he will then be given a reasonable time in which to file. Second, if the cause of action is not discovered and should not have been discovered until after the original limitations period has expired, the plaintiff will be given a reasonable time in which to file. What constitutes a reasonable time is to be determined on a case by case basis by the district court. This analysis was in effect adopted by the district court, which held that since the Hospital could have, by the exercise of due diligence, filed within the

original limitations period but failed to do so, the statute of limitations was not tolled by the defendants' fraudulent concealment.

We reject the defendants' analysis for two reasons. First, it relies almost exclusively on a faulty interpretation of *Dayco*. Second, it simply dismisses all precedent contrary to its position as wrong. We turn first to an examination of *Dayco*.

In 1974 Dayco Corporation sued Firestone and Goodyear, claiming that in 1959 and 1960 they had acted together in an attempt to monopolize the replacement tire market in violation of the Sherman and Clayton Acts. Dayco claimed that in furtherance of their attempted monopolization the defendants had lowered prices so sharply that Dayco had been forced to sell its tire manufacturing business to Firestone in 1961 for less than the fair market value. It was agreed that Dayco's cause of action arose in 1961 when it sold its business. Dayco claimed that it was unable to bring suit until 1974 because the facts underlying its cause of action had been fraudulently concealed by the defendants until the government filed a complaint against Goodyear and Firestone in·1973.

The court first held that there was sufficient information in the public domain for Dayco to have discovered its cause of action at the time it accrued, if it had acted diligently. In other words, if fraudulent concealment ever existed it had ended by the time Dayco's cause of action arose. The holding of *Dayco* was simply that since the fraudulent concealment had ended before the cause of action accrued, the statute of limitations had not been tolled. Since Dayco did not file within four years of the date it should have discovered its claim, the claim was barred by 15 U.S.C. § 15b. The court in *Dayco* did not hold, as Smith and Stewart contend here, that if fraudulent concealment was discovered within the original limitations period, suit must be brought within the original period. *Dayco* stands only for the proposition that after the plaintiff should have discovered that he had a cause of action there is no tolling. Therefore, despite the defendants' claim to the contrary, *Dayco* is completely consistent with the general rule that the statute of limitations does not *begin* to run until fraudulent concealment is or should be discovered.

It is true that the opinion in *Dayco* does state that one of the three elements of fraudulent concealment is the failure of the plaintiff to discover the facts that are the basis of his claim within the limitations period. 523 F.2d 394. This language does not, however, require the conclusion that if the plaintiff discovers or should discover his claim within the original period he must file within the original period. Indeed, defendants acknowledge that such a rule literally applied would lead to an untenable result such as the situation in which the plaintiff discovers or should discover his cause of action just before the period of limitations expires, and therefore defendants, as before stated, would embellish their interpretation of. *Dayco* by allowing a reasonable time thereafter in which to file. Further, the passage the defendants rely on, if given the effect asserted by defendants, is clearly *dictum* and unnecessary to the holding of the case. The holding of the case, as stated, is simply that, since Dayco did not file within four years of the time it should have discovered its claim, the suit was time barred.

The three elements for tolling because of fraudulent concealment that are outlined in *Dayco* were expressly taken directly from *Weinberger v. Retail Credit Co.*, 498 F.2d 552, 555 (4th Cir. 1974). The Fourth Circuit stated:

> Thus three elements are necessary: (1) Fraudulent concealment by the party raising the statute together with (2) the other party's failure to discover the facts which are the basis of his cause of action despite (3) the exercise of due diligence on his part.

*Id.* The elements of fraudulent concealment in *Weinberger*, it will be seen, do not include a requirement of failure to discover within the limitations period. Indeed, the Fourth Circuit preceded its discussion of the elements of fraudulent concealment by stating that the statute of limitations does

not begin to run until the fraud is discovered by the plaintiff. We do not believe the court in *Dayco* intended to alter the elements of fraudulent concealment as established by precedent and as set out in *Weinberger* by adding a new requirement.

Finally, the overwhelming weight of authority is against the defendants' position. We have found no reported case that articulates the standard that the defendants claim *Dayco* establishes. The other cases that defendants rely on, *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289 (8th Cir. 1975), *cert. denied*, 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976) and *King & King Enterprises v. Champlin Petroleum Co.*, 446 F.Supp. 906 (E.D.Okl.1978), seem to stand for the proposition that there is no tolling after the plaintiff knows or should know of the cause of action.

As long ago as 1879 the Supreme Court stated that when a cause of action has been fraudulently concealed, "the bar of the statute does not commence to run until the fraud is discovered or becomes known to the party injured by it." *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 347, 22 L.Ed. 636 (1879); *accord, Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed.2d 743 (1946). The cases that have applied this principle to antitrust cases other than those cited herein are too numerous to require citation, and the principle is too well accepted to be seriously questioned.

At least two cases have held that even though the claim was discovered during the original limitations period the plaintiff has the full statutory period to file after discovery of the claim. *Crummer Co. v. DuPont*, 255 F.2d 425 (5th Cir. 1958); *Thee v. Parker Brothers, Inc.*, [1978–1] Trade Cas. (CCH) ¶ 61,966 (E.D.N.Y.1978). The defendants simply assert that these cases are contrary to *Dayco* as they would give effect to *Dayco*.

■ We can see no policy reason for not giving a plaintiff, assuming there has been a fraudulent concealment, the full four years to file after he has or should have discovered his cause of action.

We therefore conclude that the district court erred in granting a summary judgment on the ground that the Hospital's action was time barred and, accordingly, we REVERSE and REMAND for further proceedings not inconsistent with this opinion.