**In re Tommy Ray MAYFIELD and Janet Charlene Mayfield, Debtors.**

**Bankruptcy No. 3–82–00627.**

United States Bankruptcy Court,
E. D. Tennessee.

Aug. 12, 1982.

Richard Stair, Jr., Knoxville, Tenn., trustee.

Elbert M. Cooper, Jr., Clinton, Tenn., for Bank of Coweta.

CLIVE W. BARE, Bankruptcy Judge.

## I

The question before the court involves a determination of whether the Bank of Coweta has a perfected security interest in collateral removed from the State of Georgia to the State of Tennessee vis-a-vis the Trustee in bankruptcy. The Bank of Coweta of Newnan, Georgia, filed a proof of claim in the debtors' Chapter 7 case. The bank asserts that the debtors are indebted to it in the amount of $6,308.64. It is the bank's position that its claim is secured by a purchase money security interest in a 17′ Stinger Honcho boat, a 140 hp Johnson motor, and a trailer. The Trustee has filed an objection to the secured claim of Bank of Coweta on the basis that the bank's claim is unperfected due to the bank's failure to perfect its security interest in the collateral by filing in the State of Tennessee.

## II

The underlying facts are not disputed. On March 13, 1981, Tommy Ray Mayfield executed a document entitled "Installment Note and Security Agreement" in favor of the Bank of Coweta. The boat, motor, and trailer involved in this controversy are particularly described in the bank's Installment Note and Security Agreement. The bank perfected its security interest by filing a financing statement on March 17, 1981, in the Office of the Clerk of Superior Court for Coweta County, Georgia.

On a date unknown, but known to be more than four months prior to the date of the filing of the bankruptcy petition, the debtors moved from the State of Georgia to the State of Tennessee. Tommy Ray Mayfield notified the Bank of Coweta that he had moved from Georgia to Tennessee. Payments on his note to the bank continued after the debtors' change of residence.

The debtors filed a joint Chapter 7 bankruptcy petition on May 5, 1982. It has been stipulated that the Bank of Coweta did not file any notice of its security interest in Tennessee within four months after the debtors left Georgia nor at any other time prior to the date on which the debtors filed their Chapter 7 petition.

## III

Tenn.Code Ann. § 47–9–103(3) provides in apposite part:

> If personal property other than that governed by subsections (1) and (2) is already subject to a security interest when it is brought into this state, the validity of the security interest in this state is to be determined by the law ... of the jurisdiction where the property was when the security interest attached .... If the security interest was already perfected under the law of the jurisdiction where the property was when the security interest attached and before being brought into this state, the security interest continues perfected in this state for four (4) months and also thereafter if within the four-month period it is perfected in this state. The security interest may also be perfected in this state after the expiration of the four-month period; in such case perfection dates from the time of perfection in this state.

The *validity* of the Bank of Coweta's security interest is determined in accordance with the laws of the State of Georgia. However, the *continuity* of perfection of the bank's security interest in the disputed collateral after four months from the date of removal to Tennessee was dependent upon filing in Tennessee within four months from the date of the removal of the collateral from Georgia into Tennessee. This is explicitly required by the statute and it is undisputed that no filing occurred in Tennessee in order to *continue* the perfection of the security interest of the Bank of Coweta in the boat, motor, and trailer.

The plain meaning of Tenn.Code Ann. § 47–9–103(3) and the intention of the

draftsmen is expressed in comment 7 to Tenn.Code Ann. § 47–9–103, which provides in part:

Subsection (3) proceeds on the theory that not only the secured party whose collateral has been removed but also creditors of and purchasers from the debtor in this state should be considered. The four month period is long enough for a secured party to discover in most cases that the collateral has been removed and to file in this state; thereafter, if he has not done so, his interest, although originally perfected in the state where it attached, is subject to defeat here by those persons who take priority over an unperfected security interest (See Section 9–301).

## IV

The Trustee in bankruptcy has the rights of a judicial lien creditor of the debtor as of the commencement of the bankruptcy case. 11 U.S.C.A. § 544. Since the Bank of Coweta failed to file notice of its security interest in the boat, motor, and trailer in Tennessee, the bank's interest in those items is irrefutably unperfected vis-a-vis the Trustee in bankruptcy.

IT IS SO ORDERED.