In re Michael **MINICHELLO**, Sr. t/a Prestige Pool Christmas Boutique and Prestige Satellite, Debtor.

**FIRST EASTERN BANK, N.A., Movant,**

v.

Michael A. **MINICHELLO**, Sr. t/a Prestige Pool Christmas Boutique and Prestige Satellite and John J. Thomas, Esquire, Trustee, Respondent.

**Bankruptcy No. 5–87–00483.**

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 11, 1990.

Edward W. Rothman, Harrisburg, Pa., for John J. Thomas, trustee.

Stephen G. Bresset, Honesdale, Pa., for Michael Minichello.

Brian E. Manning, Nogi, Appleton, Weinberger & Wren, P.C., Scranton, Pa., for First Eastern Bank.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Before the Court is a Motion to Determine Extent, Priority, and Valuation of Security Interest under 11 U.S.C. § 506 filed by First Eastern Bank, N.A. (hereinafter "Bank"). For the reasons provided herein, we find that the Trustee, John J. Thomas, Esquire, (hereinafter "Trustee") has a lien in a 1982 Mercedes automobile pursuant to 11 U.S.C. § 544(a) and that the Bank's unperfected secured interest is subordinate to the Trustee's lien position.

On July 24, 1987, the debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Thereafter, on March 3, 1988, the case was converted to one under Chapter 7. On June 5, 1989, the Bank filed the instant motion requesting the Court to determine that it had a first lien security interest in a 1982 Mercedes Benz automobile. The motion and the Trustee's answer to that motion raising certain defenses under § 506 and § 544 of the Bankruptcy Code were filed not only within two years following the appointment of the trustee, but also within two years of the initial filing of this bankruptcy.

The facts are as follows. On or about July 20, 1984 the debtor, trading as Christmas Boutique, purchased the automobile from DeFazio Express and obtained financing from the Bank. This financing was secured by the granting of a security interest in the automobile. Neither the Bank nor the debtor delivered the Certificate of Title to the Department of Motor Vehicles in accordance with 75 Pa.C.S.A. § 1132(b) in order to have the Bank's security interest noted on the front of the Certificate. At the time of filing of the petition and the appointment of the trustee, the only title existing to the vehicle was one in the name of DeFazio Express, Inc., although the vehicle was owned and in the possession of the debtor. The trustee attempted to obtain a title to make the vehicle available for sale at a public auction, but was unsuccessful in his attempts. He made contact with the Department of Motor Vehicles which represented that a title would only be sent to the owner or to the lienholder. In order to facilitate the sale of the automobile and to stop depreciation of the vehicle an agreement was reached between the Bank and the trustee that they would cooperate with each other and obtain a title. The Bank was listed on the Certificate of Title as having a first lien position. Also, this arrangement was made during a time in which the Bank made representations, through counsel that it had proof of a first lien secured position on the vehicle and would supply that proof to the trustee.

That proof was never supplied to the trustee.

The Bank makes the following arguments in support of its motion. First, it argues that it has a perfected first lien security interest in the automobile which is superior to any claim by the trustee. It also argues that at the time of hearing the two year Statute of Limitations to avoid security interest as provided by 11 U.S.C. § 546(a) had expired and that the arguments the trustee was making were not available because of the running of the Statute of Limitations. Further, the trustee took steps postpetition which resulted in the Bank being listed on the Certificate of Title as a secured party with a lien on the automobile. Therefore, the Bank had a perfected security interest superior to the trustee.

The trustee responds that at the time of the filing of the bankruptcy there was not a Certificate of Title in existence noting that the Bank had a first lien position in the automobile. Consequently, the Bank, pursuant to the dictates of 75 Pa.C.S.A. § 1132(a) and (b), did not validly perfect its security interest in the automobile. Additionally, pursuant to 13 Pa.C.S.A. § 9301(a)(2) and § 544(a)(1), the trustee, as a hypothetical lien creditor as of the date of the filing of the petition, has a lien interest superior to that of the Bank. Finally, the trustee argues that the Statute of Limitations in § 546(a) applies only to actions that the Statute of Limitations in § 546(a) applies only to actions which could have been affirmatively taken by the trustee by way of complaint or otherwise and does not apply to defenses asserted by way of answer or otherwise.

## DISCUSSION

■ Before proceeding to the substantive issues concerning the perfection of the security interest, we will first address the Bank's position that the arguments made by the trustee in this case are time barred by the Statute of Limitations imposed by § 546(a) of the United States Bankruptcy Code. The proceeding was initiated by a complaint under § 506 of the United States Bankruptcy Code to establish the lien position of the Bank in the automobile. The trustee responded that under § 544(a)(1) he had a lien position senior to the Bank's unperfected security interests. Section 544(a)(1) provides as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

The Bank responds that under § 546 the trustee is time barred from raising any defenses or claims under § 544(a)(1). Section 546(a)(1) and (2) provide as follows:

**§ 546. Limitations on avoiding powers.**

(a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

We find much support for the trustee's position. We direct the parties' attention to the case of *In re Coan*, 96 B.R. 828 (Bankr.N.D.Ill.1989) at page 831, wherein under similar circumstances the Court wrote the following:

"The Section does not apply to actions outside the Code sections enumerated therein. *See Matter of Mid Atlantic Fund, Inc.*, 60 B.R. 604, 610 (Bankr.S.D. N.Y.1986).

Since the Trustee challenges the validity of their lien, the Movants apparently characterize the Trustee's Response to their Motion as an action under one of

the Code sections enumerated in § 546(a). According to the Movants, such Response is time-barred, because over two years have elapsed since the appointment of the Trustee.

The Movants' contention is incorrect, both factually and as a matter of law. The Trustee filed his Response to this Motion on February 19, 1988, within two years of his appointment. Thus, even assuming that this were one of the actions enumerated in § 546(a), the action would be timely. Moreover, § 546(a) is limited to proceedings initiated by a trustee; the section does not bar defensive reliance on the trustee's avoiding powers outside of the two-year time limit. *See Matter of Mid Atlantic Fund, Inc.*, 60 B.R. at 610 (trustee entitled to raise voidability as a preference when defending against a creditor's claim to assets of the estate, even though no action to avoid that preference had been brought within two years of trustee's appointment).

The Trustee asserts the invalidity of Movants' lien in response to their Motion; he has not brought any adversary proceeding to determine or avoid that lien. Such action being purely defensive, it is not subject to § 546(a). Therefore, the Trustee has standing to attack the validity of the Movants' lien."

See also *Matter of Mid Atlantic Fund, Inc.* at 60 B.R. 604 (Bankr.S.D.N.Y.1986) and *Matter of Johnson*, 80 B.R. 791 (Bankr.E.D.Va.1987). We agree. The trustee is not time barred from challenging the validity of the Bank's lien position in the instant case.

■ The next issue for determination is whether or not the trustee has a lien position superior to the Bank. Once again, the Bank claims that the trustee took postpetition action that resulted in the Bank's lien position being duly noted on the face of the Certificate of Title which establishes a superior lien position over the trustee. The trustee's hypothetical superior lien status, however, becomes effective as of the date of the filing of the petition and not subsequent thereto. Therefore, the relevant time in which to establish the rights of the parties will be on the date of the filing of the petition. There is no argument among the parties that on the date of the filing of the petition there did not exist a Certificate of Title for the vehicle which duly listed the Bank's lien on the face of the Certificate.

Section 75 Pa.C.S.A. § 1132(b) provides as follows:

"A security interest is perfected by notation thereof by the department on the certificate of title for the vehicle. In order to obtain such notation the lienholder shall deliver to the department the existing certificate of title, if any; an application for a certificate of title upon a form prescribed by the Department containing the name and address of the lienholder; and any other information regarding the security interest as may be reasonably required and the required fee."

The Bank admits it did not follow the dictates of this section. Furthermore, "it is well established that a creditor who fails to perfect a security interest prior the filing of a petition in bankruptcy is subordinate to the trustee who stands as a hypothetical ideal lien creditor under § 544(a)(1) of the Bankruptcy Code. See *Matter of Alberto*, 66 B.R. 132 (Bankr.D.N.J.1985) at p. 143 citing *In re Mayfield*, 22 B.R. 423 (Bankr.E.D.Tenn.1982); *In re Munsey Corporation*, 10 B.R. 864 (Bankr.E.D.Pa.1981). See also *General Electric Credit Corp. v. Nardulli & Sons, Inc.*, 836 F.2d 184 (3d Cir.1988); and 75 Pa.C.S.A. 1132(a) and 13 Pa.C.S.A. § 9301(a)(2).

The only method of perfecting a security interest in an automobile is to follow the dictates of the Pennsylvania Code quoted above and found at 75 Pa.C.S.A. § 1132(b). See *Matter of Tressler*, 771 F.2d 791 (3rd Cir.1985). Unquestionably, at the time of the filing of this bankruptcy petition, the Bank had an unperfected secured interest in this vehicle and that such interest was not noted upon the face of a Certificate of Title. Therefore, the Bank's lien position is subordinate to that of the trustee.

Consequently, based upon the foregoing, we find that under § 544(a)(1) the trustee

has a lien position in the automobile superior to the Bank and the trustee is entitled to the proceeds from the sale of the vehicle unencumbered by any security interest superior to the trustee.

We make the above findings of fact and conclusions of law pursuant to Bankruptcy Rule of Procedure 7052 and Federal Rule of Procedure 52.