**CONSOLIDATED PARTNERS INVESTMENT CO., Trustee, Plaintiff,**

v.

**John LAKE, et al., Defendants.**

**Bankruptcy No. B89–4851.
Adv. No. B92–1301.**

United States Bankruptcy Court, N.D. Ohio, E.D.

April 1, 1993.

Michael P. Harvey, Walter, Haverfield, Buescher & Chockley, Cleveland, OH, for plaintiff.

Thomas A. Kondzer, Dorothy H. Bretnall, Kolick & Kondzer, Westlake, OH, for defendant John Lake.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

#### I.

In this proceeding Joel Rathbone ("The Trustee") seeks, *inter alia*, to avoid certain postpetition transfers of real property that were made from the bankruptcy estate of Consolidated Partners Investment Company (The Debtor). To resolve the matter, the parties hereto have submitted cross-motions for summary judgment. Following a hearing thereon, the foregoing findings of fact and conclusions of law are herein made.

#### II.

The Court acquires core matter jurisdiction under provisions of 28 U.S.C. 157(b)(2)(H) and (O). The operative facts are generally not in dispute. On November 24, 1989, an involuntary Chapter 7 petition was filed against the Debtor in this Court. No interim trustee was appointed during the gap period. Postpetition, and prior to the Court entering an order for relief thereon, an entity known as Mel Mitchell Investments, Inc. (M.M.I.), (a dba of the Debtor) caused to be transferred three parcels of the estate's real property to Defendant John Lake (Lake) on February 15, 1990. Undisputedly, said postpetition transfers were made without Court authorization and on an account of an antecedent prepetition debt. On February 26, 1990, this Court entered its Order for Relief with respect to the involuntary Chapter 7 filing. Subsequently, on March 23, 1990, the Debtor successfully sought conversion of its involuntary Chapter 7 case to a voluntary Chapter 11 case. Thereafter, the

Debtor operated its business as a debtor-in-possession until the Court entered an order on August 14, 1990 reconverting the case to proceedings under Chapter 7. Upon reconversion to Chapter 7, an interim trustee was appointed to administer the Debtor's estate on August 20, 1990. In July of 1991, Joel Rathbone (The Trustee) was appointed to serve as the permanent trustee in the case. On April 20, 1992, The Trustee filed this adversary proceeding against Defendants Lake, the County Treasurer, County Auditor, and the County Recorder of Cuyahoga County, Ohio, to avoid the aforesaid transfers or, alternatively, to recover postpetition transfers, to seek authority to sell certain real property, and to seek a determination of the extent, validity and priority of liens. Thereupon, Lake and the Trustee filed cross-motions for summary judgment.

### III.

Alleging that the subject transfers were made with an actual intent to hinder, delay, and defraud creditors, with the Debtor receiving less than fair consideration in exchange while insolvent, or was thereby rendered insolvent, the Trustee contends that the transfers are avoidable under §§ 544 or 548 of the Bankruptcy Code [11 U.S.C. §§ 544 and/or 548] as fraudulent conveyances. The Trustee further alleges that, as postpetition transfers, said transfers are avoidable pursuant to § 549 of the Code. The remaining Counts of the Complaint seek authorization to sell these properties, once recovered by the estate, and for a determination of the extent, priority and validity of liens.

Defendant Lake filed his motion for an award of summary judgment or, alternatively, for dismissal of this adversary proceeding. Therein, Lake argues that both §§ 544 and 548 pertain only to prepetition transfers and, as such, are not applicable herein as the transfers of real property occurred postpetition. With regard to the § 549 complaint allegation, Lake contends that the properties are not avoidable as the Trustee is time-barred by the two-year statutory limitation period set forth in § 549(d). Regarding the dismissal aspect, Lake contends, *inter alia*, that since the tenants who occupy these properties also hold purchase options thereon, the Trustee has failed to include them as necessary parties defendant to this proceeding.

### IV.

The dispositive issue is whether the subject transfers made by the Debtor are avoidable and recoverable by the Debtor's estate. In seeking such relief, the burden of proof is upon the party who seeks to avoid the transfer. That burden, in order to be sustainable, must be met by a preponderance of the evidence standard. *In re Mangold*, 145 B.R. 16 (Bankr.N.D. Ohio 1992); *In re Moore & White Co., Inc.*, 83 B.R. 277, 283 (Bankr.E.D.Pa.1988).

#### Applicable Law

*11 U.S.C. § 544.* Trustee as lien creditor and as successor to certain creditors and purchasers.

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is avoidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains ... a judicial lien....

(2) a creditor that extends credit to the debtor ... and obtains ... an execution against the debtor that is returned unsatisfied.... or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor ... that obtains the status of a bona fide purchaser at the time of the commencement of the case....

(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section

502 ... or that is not allowable only under 502(e)....

*11 U.S.C. § 548.* Fraudulent transfers and obligations.

(a) The trustee may avoid any transfer of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or *within one year before the date of the filing of the petition,* if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity....

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made ...

(ii) was engaged in business or a transaction ...; or

(iii) intended to incur ... debts that would be beyond the debtor's ability to pay as such debts matured. (Emphasis added).

*11 U.S.C. § 549.* Postpetition transactions.

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

*Rule 7056, Bankr.R.* Summary Judgment.

(c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions ... together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

(e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleading, but his re-

sponse, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

## V.

The first Count of the Trustee's Complaint alleges that the Debtor's transfers of estate property during the involuntary Chapter 7 gap period constitute fraudulent conveyances. In support of that allegation, he cites to Code § 544 and § 548 for statutory support. Notedly, he fails to specify which particular subsection of either Code section he relies upon. Both sections contain multiple subsections.

Section 544(a) of the Code, captioned "Trustee as lien creditor and as successor to certain creditors and purchasers," is one of several avoidance statutes and is commonly referred to as the "strong arm" clause. Neither its caption or contents address the subject of fraudulent conveyances. Importantly, what it does provide is a mechanism by which the trustee in his or her own right may avoid certain claims and interests, while serving as a hypothetical lien creditor or as a bona fide purchaser as of the time of the bankruptcy petition filing. With this conferred status, third parties' prepetition liens and interests in property that could be claimed under state law by a judicial lien creditor of the debtor, or by a purchaser of real estate from the debtor, are avoidable by the trustee under § 544(a) if at the time of bankruptcy filing the interests are subordinate under state law to the claim of a lien creditor or purchaser. *In re Minichello,* 120 B.R. 17 (Bankr.M.D.Pa.1990); *In re Hoeppner,* 49 B.R. 124, 126 (Bankr.E.D.Wis.1985); *Bankruptcy,* Epstein, D.G., *et al.,* West Publishing Company (1993). Moreover, the third party claim and interest holders addressed by § 544(a) are parties who were involved in prepetition transactions—not postpetition transactions. The transaction at bar occurred postpetition. The avoiding power reposed in the trustee under the Strong

Arm Clause are present "at the time of the commencement of the case." 11 U.S.C. § 544(a). Its purpose is to cut off secret and undisclosed claims against the debtor's property as of the beginning of the bankruptcy case. Necessarily, the secret and or undisclosed interests or claims must have been effectuated prior to the bankruptcy filing. *Holt v. Henley,* 232 U.S. 637, 34 S.Ct. 459, 58 L.Ed. 767 (1914).

 Under the 1978 Code, § 544's Strong Arm Clause was amended to include § 544(a)(3). This subsection provides the trustee with powers of a hypothetical bona fide purchaser of real property. Nevertheless, this power is directed towards secret or nondisclosed claims which were in place prior to the bankruptcy filing—not to postpetition transfers. Only § 549 of the Code addresses the avoidability of postpetition transfers. The 1984 Amendments to the Code added the phrase "and has perfected such transfer" to § 544(a)(3). Prior to the 1984 Amendments courts differed as to whether § 544(a)(3) could be used to invalidate an unrecorded transfer of real property which occurred prepetition. The 1984 Amendments, with the additional phrase to § 544(a)(3), removed that ambiguity. *See, In re Sandy Ridge Oil Co.,* 807 F.2d 1332 (7th Cir.1986). In the present action, none of the transfers occurred prepetition. They each occurred postpetition during the involuntary gap period (i.e., prior to the Court's entry of an Order for Relief). As such, as of the petition filing date, these transfers could not possibly be the subject of a § 544(a) avoidance effort, even if some of the deeds were unrecorded. Thusly, as a matter of law, § 544 can not be used to effect an avoidance of a postpetition transfer as addressed herein.

 Secondly, the Trustee contends that the transfer of the three parcels postpetition constituted fraudulent conveyances pursuant to § 548 of the Code. Again, as expressly contained in the language of § 548, that specific provision addresses fraudulent conveyances only where such transfer occurred on or within one year before the bankruptcy filing. Thusly, the objective of § 548 is to avoid certain pre-petition transfers—not postpetition transfers. Accordingly, and as a matter of law, the subject postpetition transfers may not be avoided on the basis of § 548 of the Code.

Next, provisions of § 549 have been considered to determine whether the real estate transfers are avoidable thereunder. Undisputedly, the transfers were made and were made during the involuntary gap period by the Debtor doing business as M.M.I. No party in interest requested the appointment of an interim trustee during the gap period, and none was appointed. The properties were conveyed to Lake, allegedly, on account of an antecedent debt (See Complaint and Lake's Affidavit). The transfers occurred postpetition and were made without court approval and were statutorily authorized only under § 303(f) of the Code. See, 11 U.S.C. §§ 549(a)(1) and (2)(A) and (B).

Section 303 of the Bankruptcy Code addresses involuntary bankruptcy cases. Subsection 303(f) provides:

*11 U.S.C. § 303*

(f) Notwithstanding section 363 ... except to the extent that the court orders otherwise, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced. 11 U.S.C. § 303(f).

 As evinced from the involuntary petition and the Debtor's own Statement of Financial Affairs, the nature of Debtor's business since 1984 involves real estate matters. The statement does not describe, with specificity, the kind of real estate matters. By virtue of § 303(f), during the gap period, the Debtor was authorized to continue such operation until an order for relief was entered as though no involuntary petition had been filed. The rationale for allowing the debtor to operate during the involuntary gap period is that prior to the entry of an order for relief, the subject of an involuntary petition should not be adversely affected by the case. *See,*

*Bankruptcy Law Manual,* Weintraub, B. and Resnick, A.N. ¶ 4.05[1], (Warren, Gorham & Lamont, Inc., 1986). In this regard, the Debtor's ordinary course of business conceivably involved the transferring of real property. At least, the Trustee does not allege otherwise and, without more, the Debtor under § 303(f) was apparently empowered to effect those postpetition transfers. The Statement of Financial Affairs offers little assistance. The restrictions on use and disposition of property under § 363 do not apply during the gap period. Once the order for relief is entered in an involuntary case, the trustee is cloaked with authority under § 704 to recover any payments made during the gap period on prepetition debt. Further, pursuant to § 549(a), as indicated above, a trustee may avoid a postpetition transfer if the transfer was authorized only under § 303(f) or § 542(c). Herein, the Debtor's transfer of the three parcels were authorized only under § 303(f), as gap transfers, and are therefore avoidable by the Trustee for the benefit of the Debtor's estate. Notwithstanding, the analysis must continue further.

█ Subsection 549(d) provides a two-year statute of limitation period within which the Trustee must commence the avoidance action.[1] Herein, it is uncontested that the three parcels of real estate were all transferred on the same date in February of 1990. Each parcel was conveyed by warranty deed, and one parcel's deed was recorded on the date of transfer. The other two parcels conveyed were not recorded until some ten months later. The Trustee's Complaint to avoid these transfers was not filed until April of 1992, beyond the two-year statute of limitation period. Notedly, the date of "transfer" under § 549(d) tolls the running of the statute of limitation. Without more, the Trustee is time-barred by § 549(d) from avoiding the subject transfers.

The Bankruptcy Court is both a court of law and of equity. The Trustee argues

that notwithstanding the limitation period of § 549(d), the transfers should be avoided and the statutory effect of § 549(d) should be equitably tolled to prevent the Debtor from perpetuating a fraud upon the Debtor's estate and thereby diminishing dividends to the Debtor's creditors. In support of this argument, he notes that the Debtor argues of the property having been transferred on account of an antecedent debt but nowhere does the Debtor's Affidavit exhibit any evidence of such debt purportedly owed to Lake in an amount of $78,000.00. The stated value of the three properties, as alleged by the Trustee, was some $87,000.00. No interim trustee was in place at the time of the transfers, and the permanent trustee was not appointed until July, 1991. The attendant promissory notes which would have evidenced an underlying debt between Lake and the Debtor were allegedly destroyed by Defendant Lake. Thusly, there is no evidence of a debt ever having been owed by the Debtor to Lake. Additionally, the Trustee contends, the Debtor's petition schedules reflect no debt owed to Lake.

Lake asserts that there was no concealment of these transfers and that Lake has openly and notoriously claimed title ownership of the properties through his recording of the deeds in his name, openly making repairs to the properties, informing the occupants of the properties that he is the new owner of the three properties, and by directing the tenants to reroute their monthly rental payments to him, as opposed to the Debtor.

█ In instances where acts of bad faith are evident during the involuntary gap period, such as payments being made on prepetition debt without court approval, or transferring estate assets for less than a fair and reasonable consideration, or where no antecedent debt ever existed, such acts constitute fraudulent conduct. This type of conduct renders the underlying transfers as being voidable and recoverable by

---

1. 11 U.S.C. § 549(d): "An action or proceeding under this section may not be commenced after the earlier of—(1) two years after the date of transfer sought to be avoided; or (2) the time the case is closed or dismissed."

the Trustee for the benefit of the Debtor's estate.

■ In response to the limitation effect of § 549(d), The Trustee invokes the common law doctrine of equitable tolling. According to the Supreme Court in *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946), this doctrine is "read into every federal statute of limitations." *In re Hansen*, 114 B.R. 927, 929 (Bankr.N.D. Ohio 1990). Thusly, if appropriate, it may be applied to the statute of limitations set forth under § 549(d) of the Code where concealment has occurred. *See, In re E–TRON Corp.*, 141 B.R. 49 (Bankr.N.J.1992); *In re Bookout Holsteins, Inc.*, 100 B.R. 427 (Bankr.N.D.Ind. 1989); *In re McGoldrick*, 117 B.R. 554 (Bankr.C.D.Cal.1990) (holding that the two-year statute of limitation on avoidance of actions filed by the trustee was subject to equitable tolling where the trustee made reasonable and diligent inquiry and relevant facts were concealed from him.) The Supreme Court further opined:

> [T]o hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the Statute of Limitations to protect it, is to make the law which was designed to prevent fraud, the means by which it is made successful and secure. *Bailey v. Glover*, 88 U.S. (21 Wall) 342, 22 L.Ed. 636 (1875).

■ The need to thwart fraudulent concealment in bankruptcy cases is paramount to and outweighs the need for finality which is the thrust of statutes of limitations. *In re White*, 104 B.R. 951, 957 (S.D.Ind.1989). In the matter at bar, whether there has been concealment is a genuine issue of a material fact. This issue, therefore, cannot be disposed of by summary judgment. *See, Norton–Children's Hosp. v. Smith & Sons*, 658 F.2d 440, 443–444 (6th Cir.1981). From the pleadings presented at this juncture, it is not clear whether the equitable tolling doctrine is applicable to the matter at hand. The issue is material and must be proved at trial. Section 546 of the Bankruptcy Code addresses certain limitations on avoiding powers. Concerning the particulars of the present action, none of the limitations of § 546 are applicable.

As indicated above, Rule 7056, Bankr.R., allows a court to grant summary judgment only where there exists no genuine issues of material fact. In those instances summary judgment is appropriate as a matter of law. With regard to the Complaint Counts alleging avoidability of the subject transfers pursuant to § 544 and § 548 of the Bankruptcy Code, as found herein, summary judgment is appropriative in favor of the Defendant Lake, as a matter of law. The same result, however, does not follow regarding the avoidability issue relative to § 549 of the Code. In the latter regard, whether the transfers involved an active or passive concealment, such is questioned. Additionally, it is disputed whether the transfers were made on account of an antecedent obligation or whether Lake possessed any kind of claim against the Debtor, as none was scheduled. As such, these items constitute genuine issues of material fact which would render a grant of summary judgment respecting § 549 allegations to be improper.

### Conclusion

Accordingly, the Defendant's motion for summary judgment is granted, in part, and is overruled, in part. The Trustee's motion for summary judgment is granted, in part, and is overruled, in part. The parties are hereby directed to proceed to a final pre-trial scheduled for May 5, 1993 at 2:00 P.M. The trial will convene on May 14, 1993 at 8:30 A.M.

IT IS SO ORDERED.