**In re Demetrius KOUBOURLIS; Toni J. Koubourlis, Debtors.**

**Robert William AKERS, Appellant,**

v.

**Demetrius KOUBOURLIS; Toni J. Koubourlis, Appellees.**

No. 87–3789.

United States Court of Appeals, Ninth Circuit.

Argued Feb. 2, 1988.

Submitted March 13, 1989.

Decided March 13, 1989.

---

David E. Eash, Huppin, Ewing & Anderson, Spokane, Wash., for appellant.

Richard P. Guy, Winston & Cashatt, Spokane, Wash., for appellees.

Before ALARCON * and FLETCHER, Circuit Judges, and GEORGE,** District Judge.

PER CURIAM:

In this case, we must decide whether summary judgment was proper on the question of insolvency in a petition for bankruptcy. We find summary judgment was improper and, accordingly, reverse the Bankruptcy Appellate Panel (BAP).

## FACTS AND PROCEEDINGS BELOW

On November 1, 1985, Robert Akers ("Akers") was awarded judgment against the debtors, Demetrius and Toni Koubourlis ("Koubourlises"), in Idaho state court. On two causes of action, Akers obtained two judgments; one for $115,883.43 and the other for $244,908.81. The judgments were made pursuant to enforcement of an approved settlement agreement which provided that, with respect to the latter amount, there would be a lien upon Koubourlis's property until a single parcel was provided as equity for that amount. At this time, Koubourlises owned real property located in both the state of Idaho and the state of Washington.

On November 18, 1985, Koubourlises filed a voluntary petition for Chapter 11 bankruptcy in a Washington bankruptcy court. On November 19, 1985, Akers sought to subject the Koubourlises' property in Washington to the Idaho judgment and lien by filing the judgment in a Washington state court under the Uniform Enforcement of Foreign Judgments Act. Later, on April 10, 1986, Koubourlises filed a complaint in bankruptcy court to set aside Akers' preference in claim of lien obtained in the November 1 judgment and to set aside the November 19 Washington judgment as entered in violation of the automatic stay requirement of the bankruptcy code. Koubourlises were granted summary judgment on their complaint to set aside preference and claim of lien, with the bankruptcy court holding that the Idaho judgment creating a lien constituted a voidable preference under 11 U.S.C. § 547(b) as a transfer of property for an antecedent debt made while the debtor was insolvent and within 90 days preceding the filing of the bankruptcy petition. The bankruptcy court also held that the foreign judgment filed in Washington state court was null and void in that it violated the automatic stay which came into effect on November 18, the day the bankruptcy petition was filed.

Akers appealed the summary judgment to a Bankruptcy Appellate Panel under 28 U.S.C. § 158(b)(1). The Bankruptcy Appellate Panel affirmed the lower court's grant of summary judgment. Akers appeals, arguing a genuine issue of material fact exists on whether Koubourlises were insolvent and that summary judgment on the complaint for voidable preference was therefore erroneously granted. Since Akers appeals the grant of summary judgment only with respect to the question of Koubourlis's insolvency, we do not consider whether the judgment filed in Washington state court violated the automatic stay.

---

* Hon. Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, replaced Hon. J. Blaine Anderson, who died after oral argument and submission of this case.

** Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

## STANDARD OF REVIEW

We review a bankruptcy court's conclusions of law *de novo*. *In re American Mariner Industries, Inc.*, 734 F.2d 426, 429 (9th Cir.1984); *see In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1377 (9th Cir.1985). Because Koubourlis's grant of summary judgment is a conclusion of law, we review that grant *de novo*, viewing the evidence in the light most favorable to Akers, to determine whether there are any genuine issues of material fact to support Akers' contention that Koubourlises were solvent. Fed. R.Civ.P. 56(c).

## ANALYSIS

### 1. Statutory Presumption

Section 547(b) of the Bankruptcy Code allows a trustee to avoid transfers of the debtor's property made before the bankruptcy petition was filed. The statute provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

(B) between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

**1.** In full 11 U.S.C. § 101(31)(A) provides:

(31) "insolvent" means—

(A) with reference to an entity other than a partnership, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

■ For a trustee to avoid a transfer, five conditions must be met: (1) the transfer was made for the benefit of a creditor; (2) the transfer was for or on account of a debt owed before the debtor made the transfer; (3) the debtor was insolvent when the transfer was made; (4) the transfer was made during the ninety days immediately preceding the filing of the bankruptcy petition; and (5) the transfer enabled the creditor to receive more than he would otherwise have received from the bankruptcy estate. *In re Wolf & Vine*, 825 F.2d 197, 199 (9th Cir.1987).

■ Here, there is no question the November 1 judgments against Koubourlises by Akers satisfy the first and second and the fourth and fifth conditions. The issue is whether the third condition was met— were Koubourlises insolvent on November 1, the date of the transfer? *Cf. In re Colonial Discount Corp.*, 807 F.2d 594, 598 (7th Cir.1986) ("When the date is near and no change in circumstances is shown, the Court may infer insolvency as of the relevant date.") Section 101(31) of the Bankruptcy Code defines insolvency as a financial condition "such that the sum of [the debtor's] debts is greater than all of [his] property, at a fair valuation, exclusive of ... property that may be exempted from property of the estate under section 522." 11 U.S.C. § 101(31)(A).[1] This definition of insolvency is the traditional bankruptcy balance sheet test of insolvency: whether debts are greater than assets, at a fair evaluation, exclusive of exempted property. 11 U.S.C. § 101(31) advisory committee's note.

(i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and

(ii) property that may be exempted from property of the estate under section 522 of this title. . . .

**1322**

For evidence of a debtor's insolvency, the trustee enjoys the presumption that, for purposes of avoiding a preferential transfer, "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition [in bankruptcy]." 11 U.S.C. § 547(f). This presumption is defined in Fed.R.Evid. 301 [2] and requires the party against whom the presumption exists, here Akers, to come forward with some evidence to rebut the presumption, although the burden of proof remains on the party in whose favor the presumption exists, here Koubourlises. *See* 11 U.S.C. § 547(f) advisory committee's note. Therefore, in the absence of evidence to rebut the presumption, Koubourlises were entitled to rely on the § 547(f) presumption to establish their insolvency. If Akers came forward with evidence to meet or rebut the presumption, the burden of persuasion would be on the Koubourlises to establish insolvency. *Matter of Emerald Oil Co.,* 695 F.2d 833, 838 (5th Cir.1983). However, Akers must show *evidence* of Koubourlises solvency. A speculative showing, such as simply questioning the debtor's accounting methods, is insufficient. *Id.* at 839.

**2. Evidence Presented**

The record indicates Akers did present sufficient evidence to rebut the presumption of insolvency. A sworn affidavit by Akers' counsel shows that, by Koubourlises' own schedules and particularly the amended schedule of B-1 [ER:99], debts may not have been greater than assets. [ER:94]. Also, at oral argument in the bankruptcy court, Koubourlises continued to rely on the § 547(f) presumption without responding to the affidavit in carrying their burden of persuasion by presenting their own contrary evidence. [ER:21-22]. Inability to pay debts in the ordinary course of business is insufficient to establish insolvency—there must be evidence that assets, at fair evaluation, exclusive of exempted property, are exceeded by the debts.

Akers' counsel did more than simply question Koubourlises' accounting methods. He brought to the court's attention documents which appear to establish that the debtors were solvent. We find that the presumption of insolvency has been rebutted. While we cannot say whether Koubourlises will ultimately be found to have been solvent, since this is a question of fact to be determined on remand, we hold it was error to grant them summary judgment finding them insolvent.

**CONCLUSION**

We reverse the Bankruptcy Appellate Panel's affirmance of the bankruptcy court's grant of summary judgment. We remand the case to the BAP for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

**2.** Federal Rule of Evidence 301 provides:

In all civil actions and proceedings not otherwise provided for by Act of Congress or by these rules, a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of nonpersuasion, which remains throughout the trial upon the party on whom it was originally cast.