**In re Joy L. MANGOLD, Debtor.**

**John HUNTER, Trustee, Plaintiff,**

v.

**Frederick MANGOLD, II, Defendant.**

**Bankruptcy No. 91–3498.**
**Related No. 91–33438.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

July 21, 1992.

Daniel G. Camick, Toledo, Ohio, for debtor for Joy J. Mangold.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Trial on the Complaint to Avoid Preference pursuant to 11 U.S.C. § 547. At the Trial, the parties had the opportunity to present the evidence and the arguments they wished the Court to consider in reaching its decision. The Court has reviewed the testimony, the documents admitted at Trial, and the arguments of counsel, as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the payment in question is not a Preference and therefore does not require repayment to the Trustee.

## FACTS

On August 28, 1991 the Debtor, Joy J. Mangold filed for relief pursuant to Chapter 7 of the Bankruptcy Code. Frederick Mangold, II, Defendant in this action, is the son of Debtor. Prior to filing for Bankruptcy, Debtor paid Defendant Ten Thousand Dollars ($10,000.00) on September 6, 1990 to reimburse him for money he had advanced to her over several years. At the time of payment to Defendant, Debtor had recently sold her house and thereby realized a net profit of Forty-one Thousand Dollars ($41,000.00). At the time, however, she also held title to yet a second mortgage-free house valued at approximately Forty Thousand Dollars ($40,000.00). Debtor also received Fifteen Thousand Dollars ($15,000.00) per year in retirement benefits. In contrast thereto, Debtor's total liability at that time was Sixty-one Thousand, Six Hundred, Eighty-one Dollars and Seventeen Cents ($61,681.17).

## LAW

The avoidance of Preference payments is controlled by 11 U.S.C. § 547(b) of the Bankruptcy Code which in pertinent part stipulates the following:

... the Trustee may avoid any transfer of an interest of the debtor in property—
1) to or for the benefit of a creditor;
2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
3) made while the debtor was insolvent;
4) made—
   B) between ninety days and one year before the date of the filing of the petition if the creditor at the time of such transfer was an insider
5) that enables such creditor to receive more than such creditor would receive if—
   B) the transfer had not been made
11 U.S.C. § 547(b)

While all but one of the elements of a preference have been either proven at the trial or established by admission in the pleadings, the question of Debtor's insolvency remains to be resolved. For, 11 U.S.C. § 547(f) stipulates that, "... the debtor is presumed to have been insolvent on and during the ninety (90) days immediately preceding the date of filing the petition." In this case, payment was made approximately three hundred and fifty-six (356) days before the date of filing, which, as an insider debt could be construed to be a preference. Debtor's payment, however, falls outside of the statutory period in which insolvency would otherwise have been presumed. As a result, the Trustee, who in accordance with Section G of this provision bears the burden of proof regarding each element of a transfer's avoidability, must in this case prove by a preponderance of evidence that the Debtor was insolvent at the time she transferred the funds to her son, the Defendant.

Insolvency is defined by 11 U.S.C. § 101(32) as a, "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation." In determining insolvency

one must employ what has been dubbed the "balance sheet test" which focuses "not on the liquid funds available at the time of a transfer, but rather on the liquidation value of the debtor's assets compared to his current liabilities." *Constructora Maza, Inc., v. Banco de Ponce,* 616 F.2d 573 (1st Cir.1980); citing *In re PRS Products, Inc.,* 574 F.2d 414 (8th Cir.1978); *McDonald v. Clearwater Ry. Co.,* 164 F. 1007 (C.C.D.Id. 1908). When comparing the debtor's total assets to total liabilities, a negative balance sheet raises a presumption of insolvency; the fact that debtor has other cash flow or liquidity problems does not. *Id.*

There is a distinction between insolvency as defined by the Bankruptcy Code and mere non-liquidity. At Trial and while deposing Debtor, Plaintiff repeatedly overlooked Debtor's non-liquid assets in the second house valued at Forty Thousand Dollars ($40,000.00). In so doing, Plaintiff arrived at an approximate solvency level far below that which Debtor in fact possessed. Consequently, rather than proving insolvency, he merely established that Debtor was experiencing cash-flow difficulty which is insufficient for the purpose of showing insolvency. The Court, however, using the "balance sheet test" set forth above finds that Debtor's total assets both liquid and non-liquid totalled Eighty-one Thousand Dollars ($81,000.00) which was further augmented by monthly pension payments of One Thousand Three Hundred Dollars ($1,300.00).

Accordingly, the Court finds that Debtor's debts of Sixty-one Thousand, Six hundred, Eighty-one Dollars and Seventeen Cents ($61,681.17) did not exceed a fair valuation of all her property at the time of payment, and as a result, the Court finds that Debtor was solvent at the time of the transfer to Defendant.

Therefore, inasmuch as the Plaintiff has failed to prove all of the elements required to establish a Preference payment, the Court finds the transfer from Debtor to Defendant on September 6, 1990 not to be a Preference requiring repayment to the Trustee.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically mentioned in this opinion.

Accordingly, it is

ORDERED that Debtor's transfer to Defendant on September 6, 1990, be, and hereby is, declared not to be a Preference which would require repayment to the Trustee.