In re Fanchon M. PERRY, Debtor.

Bruce C. FRENCH, Plaintiff,

v.

Nick NARDOLILLO, Defendant.

Bankruptcy Nos. 92–3287, 92–31227.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 13, 1993.

Diane W. French, Lima, OH, for plaintiff.

Elizabeth A. Vaughan, Toledo, OH, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Plaintiff's Complaint to Set Aside Preferences. At the Trial, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the preference given to the Defendant should be set aside and that the Plaintiff should be awarded judgment for Three Thousand Three Hundred and 00/100 Dollars ($3,300.00).

### FACTS

On December 12, 1991, the Debtor, Fanchon M. Perry (hereafter "Perry"), issued a check to the Defendant, Nick Nardolillo (hereafter "Nardolillo"), in the amount of Three Thousand Three Hundred and 00/100 ($3,300.00). The check was issued to reimburse Nardolillo for money loaned to Perry for a down payment on real property that was sold in 1991. Nardolillo cashed the check on December 19, 1991 in Tampa, Florida. Perry filed a Petition for Relief under Chapter 7 of the United States Bankruptcy Code On March 31, 1992. This repayment of debt to Nardolillo was listed on Perry's Petition for Relief under Chapter 7 under the section entitled "Statement of Affairs." Perry specifically listed this payment of Three Thousand Three Hundred and 00/100 Dollars ($3,300) in a part of the "Statement of Affairs" that asked the Debtor to list all payments made within one (1) year immediately preceding the commencement of this case to or for the benefit of Creditors who are or were insiders.

The Plaintiff, Trustee Bruce French (hereafter "Trustee"), filed his Complaint to Set Aside Preference on July 8, 1992. In his Complaint, the Trustee stated that he was seeking a judgment against Nardolillo for Three Thousand Three Hundred and 00/100 Dollars ($3,300.00), the amount paid

by the Debtor to Nardolillo for a loan. The Trustee alleged that the transfer of money from the Debtor to Nardolillo was an avoidable preferential transfer pursuant to 11 U.S.C. § 547(b). In his Answer, the Defendant asked the Court to dismiss the Plaintiff's Complaint. A Trial was held and Perry did not appear. The Plaintiff's Counsel, Diane French, presented exhibits to substantiate the Trustee's claim to avoid the transfer of money in question. The sole witness that appeared on the Plaintiff's behalf was Attorney Joseph Balega, a partner at Whitman Title Security, Inc. During the trial, the Defendant's Counsel, Elizabeth Vaughan moved to dismiss the Plaintiff's Complaint based on its allegation that Plaintiff's Counsel failed to prove the elements necessary to show a preferential transfer. The Court overruled Ms. Vaughan's Motion to Dismiss.

### LAW

The relevant law is contained in 11 U.S.C. § 547(b) and reads as follows:

**11 U.S.C. § 547. PREFERENCES.**

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Relevant law under 11 U.S.C. § 101(31) and (32):

(31) "insider" includes—

(A) if the debtor is an individual—

(i) relative of the debtor or a general partner of the debtor:

(32) "insolvent means"

(A) with reference to an entity other than a partnership, and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—

(i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and

(ii) property that may be exempted from property of the estate under section 522 of this title;

### DISCUSSION

The Plaintiff seeks a judgment against the Defendant for Three Thousand Three Hundred and 00/100 Dollars ($3,300.00). This sum of money constitutes the amount of the preferential transfer that took place between Perry and Nardolillo, prior to Perry's filing Bankruptcy. The Plaintiff argues that he is entitled to judgment because Nardolillo was an insider who received payment of the particular amount in question within one (1) year of Perry's filing of Bankruptcy according to the rule of law set forth in 11 U.S.C. § 547(b). At the trial, Plaintiff's Counsel established that all the elements of an avoidable preferential transfer were present at the time of the transfer. As a result, the Plaintiff is entitled to receive Judgment against the Defendant, requiring Nardolillo to repay the amount of the preferential transfer to the Trustee.

In 28 U.S.C. § 157(b)(2), it is stated that core proceedings include proceedings to determine, avoid, or recover preferences. As such, this case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

The parties in this case both agree that a transfer of money in the form of a check took place between Perry and Nardolillo on or about December 12, 1991. Evidence of this transfer of money is provided in the Plaintiff's first exhibit, which is a copy of the actual check written out to Nardolillo and in the Plaintiff's third exhibit, which is a copy of Perry's Voluntary Petition for filing Bankruptcy. In order for the Court to hold that the transfer is avoidable under the provisions of 11 U.S.C. § 547(b), the particular elements of an action under 11 U.S.C. § 547(b) must be established. The five (5) elements which must be shown are the following: (1) the transfer was made for the benefit of the Creditor; (2) the transfer was for or on the account of a debt owed before the Debtor made the transfer; (3) the Debtor was insolvent when the transfer was made; (4) the transfer was made between ninety (90) days and one (1) year before the filing of the petition as the Creditor was an insider; and (5) the transfer enabled the Creditor to receive more than he would otherwise have received if the transfer had not been made. Furthermore, it has been held that the Trustee bears the burden of proof. *In re Tennessee Wheel and Rubber Co.,* 62 B.R. 1002, 1003 (Bankr.M.D.Tenn.1986).

The first element is established by the transfer of the money from Perry to Nardolillo. The transfer was made specifically for the benefit of the Creditor. The check constituted a repayment of a previous loan made to Perry for a down payment on real property. There is no doubt that the transfer of money took place to provide the Defendant with a benefit: the return of the money he had loaned Perry. As the money at issue was repaid on account of an antecedent debt owed by the Debtor prior to the occurrence of the transfer, the second element necessary to show that a preferential transfer is avoidable is established. The loaning of the money undoubtedly was made before the transfer of money for repayment of the funds took place.

The next item which must be shown is Debtor's insolvency at the time the transfer took place. Section 101(32) of the Bankruptcy Code has defined insolvency as a "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors." This definition of insolvency provides the Court with a "balance sheet" test to determine insolvency. Under the "balance sheet" test a Debtor is said to be insolvent when its liabilities exceed its assets or, in other words, when its debts are greater than its assets. *Akers v. Koubourlis (In re Koubourlis),* 869 F.2d 1319, 1321 (9th Cir.1989); *Sierra Steel, Inc. v. Totten Tubes Inc. (In re Sierra Steel, Inc.,),* 96 B.R. 275, 277 (9th Cir. BAP 1989); *In re Albers,* 60 B.R. 206 (Bankr.N.D.Ohio 1986).

When the "balance sheet" test is applied to this case, it is clear that at the time the preferential transfer took place, Perry was insolvent. According to Section 547(b)(3), the transfer must be made while the Debtor was insolvent. While the Debtor is presumed to have been insolvent on and during the ninety (90) days preceding the date of filing a Bankruptcy Petition according to 11 U.S.C. § 547(f), this presumption does not work in this case as transfer of funds took place more than ninety (90) days prior to filing and involves an insider. Thus, the Trustee has the burden of proving Perry's insolvency. *See In re Old World Cone Co.,* 119 B.R. 473, 476 (Bankr.E.D.Pa.1990). By examining Perry's Voluntary Petition for filing a Chapter 7 Bankruptcy Proceeding, it is evident that Perry's liabilities exceeded her assets at a fair valuation. The Debtor's total liabilities are listed as Twenty–Three Thousand Three Hundred Eighty-two and 48/100 Dollars ($23,382.48) while her total assets are listed as Three Thousand Four Hundred Forty-three and 58/100 Dollars ($3,443.58) in the Summary of Schedules. Upon viewing the lists of Creditors holding claims against Perry, the Debtor, it is revealed that the majority of these debts were incurred prior to December 12, 1991, the date of the transfer. The dates the claims were incurred range from 1988 to December of

1991. As such, it is clear that the Debtor was insolvent at the time the transfer was made.

 Because the transfer took place outside of the ninety (90) day period but within one (1) year of the date of filing the Bankruptcy Petition, the Creditor must be an insider in order for the Trustee to succeed in its case against Nardolillo. This is the fourth element which must be proven. As the transfer took place on December 12, 1991, and Perry filed her Petition on March 31, 1992, the transfer will meet the requirements of Section 547(b) as long as Nardolillo is an insider. The definition of insider provided in 11 U.S.C. § 101(31) states that the term "insider" includes a relative of the debtor. Nardolillo falls within these specifications as he is the brother of the Debtor. The Defendant's identity is revealed on Perry's Statement of Financial Affairs under the section entitled "Payments to creditors." Thus, as the Defendant was determined to be an insider and the transfer was made between ninety (90) days and one (1) year prior to Perry's filing bankruptcy, the fourth element is established.

The final element which must be present in order to establish an avoidable preferential transfer is described under 11 U.S.C. § 547(b)(5). That particular section requires that the transfer enable the Creditor to receive more than the Creditor would receive if "(a) the case were a case under chapter 7 of this title; (b) the transfer had not been made; and (c) such creditor received payment of such debt to the extent provided by the provisions of this title." Upon examining the entire record in this case, it is clear that Nardolillo's position was improved by the transfer that took place. Through the transfer that took place in December of 1991, Nardolillo was able to be repaid the money that he had loaned to Perry, his sister. This is more than he would have received had the transfer not taken place. If the transfer had not taken place and Perry's estate been liquidated under Chapter 7, Nardolillo, an unsecured creditor, would not have received the entire amount of the loan. Thus, the fifth and final element for avoid-

ance of a preferential transfer is proven. Accordingly, the Court can conclude that all of the elements set forth in 11 U.S.C. § 547(b) necessary for the avoidance of a preferential transfer are present. The Court must rule that the Plaintiff is entitled to judgment as a matter of law.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically related to in this opinion.

*Accordingly, it is*

**ORDERED** that the Plaintiff's Complaint to Set Aside Preference be, and is hereby, **GRANTED;** and Judgment be, and is hereby, entered for the Plaintiff against the Defendant in the amount of Three Thousand Three Hundred and 00/100 Dollars ($3,300.00).