**In re TURKEYFOOT CONCRETE, INC., Debtor.**

**John J. HUNTER, Trustee, Plaintiff,**

v.

**SYLVESTER MATERIAL COMPANY, Defendant.**

Bankruptcy No. 94–3175.
Related No. 94–31399.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

April 3, 1996.

John Hunter, Trustee, Toledo, OH.

David M. Schnorf, F. Christopher Parker, Toledo, OH, for Sylvester Material Co., Defendant.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment, Defendant's Memorandum in Opposition, and the Plaintiff's Response. This Court has reviewed the arguments of counsel, exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Motion for Summary Judgment should be denied.

### FACTS

An involuntary bankruptcy petition was filed against Turkeyfoot Concrete, Inc., (hereafter the "Debtor") on June 10, 1994. On August 23, 1994, the Debtor was adjudged bankrupt. Plaintiff is the Trustee in this Chapter 7 Bankruptcy. In his Complaint and Motion for Summary Judgment, the Plaintiff claims that the Defendant, Sylvester Material Company, owes the bankruptcy estate the sum of Thirty Thousand Dollars ($30,000) as the result of a preferential transfer. Defendant admits receiving a payment in this amount in June of 1993, as the result of a judgment awarded to Defendant against the Debtor and Arthur D. Williams, the owner and principal officer of the corporation. However, Defendant argues that the payment was not preferential because Debtor was not insolvent at that time. The Plaintiff insists that the Debtor was indeed insolvent at that time.

In his Motion, the Plaintiff points to three exhibits to show that the Debtor was insolvent at the time of the transfer. These

exhibits are not certified, and are only accompanied with an unnotarized affidavit of the Plaintiff stating that they are, "true and accurate to the best of my belief and knowledge." The first such exhibit purports to be a copy of a letter from a Certified Public Accounting firm, with accompanying financial statements of the Debtor for the year ended September 30, 1991. The next exhibit purports to be an income tax return for the Debtor for the year ending April 30, 1991. Plaintiff's third exhibit purports to be an income tax return for the Debtor for the year ending April 30, 1992.

Plaintiff claims that these exhibits show that Debtor's financial situation was in sufficiently poor condition that Debtor's insolvency at the time of the transfer can be inferred. Defendant argues that the exhibits are not authenticated properly, that Debtor was not in fact insolvent, and that a number of events after the date of the transfer are what led to the Debtor's insolvency.

### LAW

The Bankruptcy Code provides in pertinent part:

**11 U.S.C. § 101. Definitions**

In this title—

(32) "insolvent" means—

(A) with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of—

(i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and

(ii) property that may be exempted from property of the estate under section 522 of this title[.]

**11 U.S.C. § 547. Preferences**

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title

(f) For purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

The Bankruptcy Rules provide in pertinent part:

**Rule 7056. Summary Judgment**

Rule 56 F.R.Civ.P. applies in adversary proceedings.

The Federal Rules of Civil Procedure provide in pertinent part:

**Rule 56. Summary Judgment**

(c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Federal Rules of Evidence provide in pertinent part:

**Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial**

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(6) **Records of regularly conducted activity.**

A memorandum, report record, or data compilation, in any form, of acts, events,

conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

### DISCUSSION

█ Proceedings to determine, avoid, or recover preferences are core proceedings pursuant to 28 U.S.C. Section 157. Thus, this case is a core proceeding.

█ A movant will prevail on a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 320, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). Thereafter, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). See *In re Bell*, 181 B.R. 311 (Bankr.N.D.Ohio 1995), for a more thorough discussion of the law regarding summary judgment.

█ The only contested issue for purposes of the present Motion is the issue of the Debtor's insolvency at the time of the transfer. Section 547(b)(3) provides that the Debtor must be insolvent at the time of the transfer for the transfer to be preferential. It is clear from a reading of § 547 that the Trustee will bear the burden of proof at a trial of Debtor's insolvency. That is, because § 547(f) expressly states that the burden of proving insolvency shifts to the transferee when the transfer occurred within 90 days of the filing of the bankruptcy petition, the converse is equally true. That is, because the alleged preferential transfer in this case occurred more than 90 days prior to the petition date, the burden will be on the Trustee.

█ The Trustee's Motion for Summary Judgment fails for a lack of credible evidence supporting his proposition that the Debtor was insolvent at the time the transfer was made. Federal Rule of Civil Procedure (hereafter "FRCP") 56(c) provides that the evidence used to support a Motion for Summary Judgment be of the type provided for in that section. Included in that Rule is a provision for the use of affidavits, and it is implied that supporting documentation may accompany such affidavits. This does not mean, however, that a moving party can satisfy his burden by signing his own name to an affidavit that merely states that the documents are accurate as far as he knows. There must be some basis for the affiant's belief. Though it is uncontroverted that the evidence put forth in a Motion for Summary Judgment may not necessarily be of the type admissible at trial, it must nevertheless prove that there is no genuine issue of fact, and that the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). These documents fail to do so because they are not supported by any credible witness who could possibly testify to their truth and veracity, as they predate the Trustee's tenure as administrator of the Estate.

Further, even if the Court were to accept the use of a Trustee's affidavit to authenticate financial records before the Trustee was appointed, the Court would note that it was not notarized. Further, none of the docu-

ments even bear the signature of the Debtor or an accountant. Finally, these tax returns were handwritten, and could merely have been worksheets not actually filed.

The Trustee argues that these documents were kept in the ordinary course of business, and are therefore admissible under Federal Rule of Evidence (hereafter "FRE") 803(6). This Court disagrees with this application of FRE 803(6). This Rule provides that such business documents, which are hearsay because they were prepared by a stream of an out of court declarants, will be excepted from the hearsay rule and allowed as admissible evidence *if* they are otherwise properly admissible. This does not mean that they may be accepted over objection if the proper foundation has not been laid. The Trustee or any proponent of business documents must show that they are what they purport to be, usually through a "custodian or other qualified witness" who can testify that this was a document prepared in the ordinary course of business. FRE 803(6). Further, FRE expressly contains the caveat, "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." The Trustee has simply failed to authenticate these documents.

Even if the documents were properly authenticated, they would not likely satisfy the Trustee's burden. Regarding the financial statements and letter from the accountant, these documents not only predate the alleged preferential transfer by two years, but also fail to show that the Debtor was insolvent at that time. Section 101(32) of the Bankruptcy Code clearly states that the debtor is "insolvent" when its assets, at fair market value, exceed it liabilities. *In re Perry*, 158 B.R. 694 (Bankr.N.D.Ohio 1993), *In re Mangold*, 145 B.R. 16 (Bankr.N.D.Ohio 1992). This has been called the "balance sheet" test. *Id.* As of September 1991, if these financial statements are to be believed, the Debtor's assets still exceeded its liabilities, and the Debtor was therefore not insolvent. The same is true of the balance sheet portion of the purported 1991 tax return.

The only document that could possibly show that the Debtor was insolvent at the time of the transfer was the balance sheet portion of the Debtor's purported 1992 tax return. As mentioned previously, only this one schedule shows that the Debtor's assets exceed liabilities. The valuation of these assets, however, is not shown to be at fair market value, but rather at book value. It is commonly accepted that book value, which is usually the price paid for the property at acquisition less accumulated depreciation, does not likely bear any relation to the asset's fair market value. Indeed, this would be quite a coincidence. An asset's depreciation for tax purposes is usually done in a manner which facilitates the greatest tax savings the fastest. This method may have little to do with the actual declining fair market value of the asset.

For all these reasons, the Trustee's Motion will be denied. In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

***ORDERED*** that the Motion for Summary Judgment of John J. Hunter, Trustee, be, and is hereby, DENIED.

It is ***FURTHER ORDERED*** that this case be set for Trial on May 20, 1996 at 10:00 A.M. in Courtroom No. 2, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

It is ***FURTHER ORDERED*** that on, or before May 13, 1996 at 4:00 P.M., the parties shall submit to the Court and to each other, lists of witnesses, lists of exhibits, and pretrial briefs stating the arguments the parties intend to make at trial, and the legal authority upon which the parties intend to rely.